Barrall, &c., v. Quick.

CASE 2—PROCEEDING TO OPEN A PASSWAY—MAY. 28.

# Barrall, &c. v. Quick.

APPEAL FROM BULLITT CIRCUIT COURT.

JUDGMENT FOR PLAINTIFF AND DEFENDANTS APPEAL. REVERSED.

PRIVATE ROADS—OPENING OF PASSWAY—BURDEN OF PROOF—ASSESSMENT OF DAMAGES—DEDUCTION OF BENEFITS—COMPENSATION FOR FENCING—COSTS OF APPEAL TO CIRCUIT COURT.

Held: 1. Upon appeal by defendant to the circuit court from a judgment opening a passway and assessing the damages, it was not error to allow plaintiff to assume the burden of proof, and to have the concluding argument to the jury.

2. It was error to instruct the jury that, in the event they found that the residue of defendant's land was indirectly injured by the passway, they should deduct from such indirect or consequential damages any consequential benefits defendant might derive from the passway, as defendant had the right, before the passway was opened, to pass over his own land at will.

3. Defendant was entitled to compensation for any additional fencing that might be rendered necessary by the passway.

4. Defendant was entitled to the reasonable value of the land taken for the passway, and not merely to the value of the use thereof.

5. As the owner of the land obtained a larger judgment on appeal to the circuit court than he had obtained in the county court, it was error to render judgment against him for the costs in the circuit court, though his co-defendant, who had leased a

part of the land and who recovered damages in the county court, recovered nothing on appeal; thus making the entire damages recovered against plaintiff in the circuit court no greater than the amount recovered in the county court.

CHARLES CARROLL, ATTORNEY FOR APPELLANT.

This appeal is prosecuted from a judgment of the Bullitt circuit court allowing a private passway over the lands of appellant in favor of appellee.

The case was originally tried in the Bullitt county court, and in that court there was a judgment rendered in behalf of appellee, and appellant was adjudged $30 by way of damages, and one R. E. Stulk, who was co-defendant with him in the county court was allowed $5.    From this judgment Barrall appealed to the circuit court and upon trial had in the circuit court a judgment was rendered which reads as follows:

"It is adjudged that the appellant, Ed Quick, pay to the defendant, S. F. Barrall, the sum of $5 damages for the use of the land covered by said passway, and the sum of $10 damages to the remainder of the track, and $10 for the erection of two gates."

This makes in all $25, being an increase of $5 over the amount Barrall recovered in the lower court, yet in the circuit court the costs are adjudged against Barrall.    This is clearly erroneous.

The court also erred in submitting the necessity of a passway to the jury as it did by instruction No. 1.    This is a matter that the court must determine and the question of damages is submitted to the jury.

It is also error to adjudge that this passway was necessary.

The court also erred in refusing to appellant the burden of proof.

It was also error to give instruction No. 2 to the jury which limits the jury as to compensation to what will be a fair and just compensation for the use of the land proposed to be taken. It should have been "for the land taken" and not for the "use" of the land taken.

Again, it was error to refuse to submit to the jury the question of fencing.    This is one of the elements of damage which should be considered.    It is also error to submit the question of the cost of gates to the jury because under section 4353 "any gates that shall become necessary by the establishment of the passway shall be erected and kept up at the expense of the applicant for the passway."

Barrall, &c., v. Quick.

The court also took the view that because the passway could
be used by Barrall that matter should be taken into considera-
tion in estimating the damages. Civil Code, sec. 727; Ky.
Stats., secs. 4292, 4352, 4353; Shake v. Frazier, 94 Ky., 146.

J. F. COMBS & J. W. CROAN, FOR APPELLEE.

POINTS MADE AND AUTHORITIES CITED.

The motion to quash report of viewers was not made in the
circuit court.

The ruling of court in admitting and refusing evidence not
prejudicial to appellant. Ky. Stats., 4353, 4348.

The burden of proof is on the applicant. Civil Code, 525;
Ky. Wagon Works v. City of Louisville, 17 R., 367; Bennett v.
Greenup Co., 13 R., 349; Dewhurst v. Shepherd, 19 R., 1260.

The passway is necessary to the applicant.

The instructions given, and the instructions refused, which
are made grounds for new trial, were not prejudicial to appel-
lant.

The judgment of circuit court is not more favorable to the
appellant than the judgment of the county court, and the judg-
ment requiring defendants to pay the costs in the circuit court
is proper.

OPINION OF THE COURT BY JUDGE GUFFY—REVERSING.

The appellee applied to the Bullitt county court for
a passway over the land of appellant, beginning at a point
designated to a certain other point named in the proceed-
ings, which it was claimed was necessary to enable appel-
lee to reach a railroad depot, county road, mill and church.
The report of the commissioners showed that the passway
was necessary, and the county court allowed twenty dol-
lars damages to appellant Barrall; and five dollars dam
ages to one Stulk, who, it appears, had leased part of the
land from the said Barrall. From the judgment of the
county court the said Barrall and Stulk appealed to
the Bullitt circuit court, and a trial there resulted in
the following verdict: "We, the jury, find from the evi-
dence that it is necessary for the plaintiff, Ed. Quick, to
reach a railroad depot, warehouse, mill, or meeting-house,
etc., most convenient to his residence, for him to have

a passway over the land of the defendant, S. F. Barrall, and his tenant, Robert Stulk, as viewed by the commissioners." "We also find for the defendant damages for five dollars for the use of actual roadway, and the sum of ten dollars for the damages to the residue of land, and five dollars each for the making and erecting of two gates. From the evidence we do not see any damages to Robert Stulk. Noah Smith, Foreman." Thereupon the court rendered the following judgment: "This action being called for trial, the following jury were impaneled and sworn to try the issue joined, viz., Noah Smith and others, and, having heard the evidence, instructions, and argument of counsel, returned the following verdict: [See the same heretofore copied.] It is adjudged by the court that the passway over the land of the defendant S. F. Barrall, and his tenant, Robert Stulk, as laid off and described in the commissioners' report herein, is necessary to enable the applicant, Ed. Quick, to reach the railroad depot, mill, and meeting-house most convenient to his residence, and said passway twenty feet wide, is hereby established over the land of the defendant, S. F. Barrall, and his tenant, Robert Stulk." The route of the road is then set out. The judgment then proceeds: "And it is adjudged that the applicant, Ed. Quick, pay the defendant S. F. Barrall, the sum of five dollars' damages for the use of the land covered by said passway, and the sum of ten dollars, damages to the remainder of the tract, and ten dollars for the erection of two gates, and that said applicant erect and maintain such gates as are necessary on such passway, and keep same in repair, at his own expense, and that he keep in repair one to be located at the line of said Barrall's fence at the beginning point, and one to be located at the line of said Bar-

rall's fence next to said county road. It is further adjudged that the said applicant pay to the said defendant Barrall his costs herein in the Bullitt county court, the sum of $29.65, and that he pay the cost of the proceedings in said court. And it appearing that defendants have recovered no more on their appeal here than was adjudged them and was tendered them before appeal, and refused, in the county court, it is adjudged that the applicant, Ed. Quick, recover of the defendants, S. F. Barrall and Robert Stulk, his costs in this circuit court, for which he may have execution." Some further orders were made respecting the payment of the several sums adjudged to appellant to be paid into court, and held subject to appellant's order. Appellant's motion for a new trial having been overruled, he prosecutes this appeal.

The grounds relied upon for a new trial are, in substance—First, error of the court in refusing to quash the commissioner's report; second, error of the court in permitting incompetent evidence offered by the plaintiff; third, in refusing competent evidence offered by the defendants; fourth error of the court in refusing to permit defendants to introduce their proof first, and assume the burden of proof; fifth, in refusing defendants the concluding argument to the jury; sixth, error of the court in adjudging said passway necessary; seventh, error of the court in giving, on motion of plaintiff, instruction No. 1 to the jury; eighth, error of the court in refusing to give, on defendants' motion, instructions M and A and No. 4; ninth, that the verdict is contrary to the law; and, tenth that the verdict is against the evidence. It is also claimed that the court erred in adjudging the costs in the circuit court against the defendant Barrall, and in refusing to adjudge him his costs in said court, and

that the judgment does not conform to the verdict of the jury, and is contrary to law.

Instruction No. 1 submitted to the jury the question whether or not it was necessary, to enable the applicant to reach a railroad depot, or warehouse, or mill, or a meeting-house most convenient to his residence, for him to have a passway over the land of appellant and his tenant, Robert Stulk. The second instruction required the jury, if they found such passway necessary, to ascertain—First, what would be a fair and just compensation for the use of the land proposed to be taken, considering its relation to the remainder of the tract, and the uses for which it was taken; and, second, the damages, if any, to the residue of the tract beyond the consequential benefits, if any, that would accrue to the residue of the tract from the establishment of said passway; and, third, the cost of putting up any gates that might be rendered necessary by such passway being established. Instruction No. 3 is as follows: "If the jury shall find such passway necessary, and that the defendant Robert Stulk has an estate in such land for years, then they will apportion the damages between the defendant S. F. Barrall and said Stulk." The appellant asked several instructions which were refused, and which we deem it unnecessary to copy in full in this opinion. One of the instructions asked that the jury be instructed, in effect, that he would be entitled to a just compensation for the land proposed to be taken, and that its value should be determined by what it would be worth to the defendant if he were not the owner of it, but owned the land on both sides of it, under the same circumstances as then existed, and that what its value would so be to defendant was what the jury should award to him for it. Another instruction asked

and refused reads as follows: "They are instructed that, if they believe any additional fencing will be required by the establishment of said passway, then they should award defendant such further sum as will compensate him for any additional fencing that may be rendered necessary." Instruction No. 6, given by the court, reads as follows: "The jury are instructed that, if they believe from the evidence that the residue of said tract is indirectly injured by said passway, then they should find for the defendant the amount of such damages, but shall deduct from said damages, if any, the consequential benefits, if any, which will be derived to such residue from said passway; but if such consequential benefits, if any, equal or exceed the indirect damages, if any, then there shall be no recovery under this instruction."

We are not inclined to the opinion that the court erred as to the question of where the burden of proof rested, or in respect to refusing the appellant the concluding argument to the jury. Nor do we feel authorized to say that the verdict of the jury is flagrantly against the evidence in so far as the questions submitted to them are concerned.

We think that the court erred in the instruction No. 6, given to the jury, which directed them that, in event they found that the residue of appellant's land was indirectly injured by said passway, they should deduct the consequential benefits, if any, which would be derived from said passway from such indirect or consequential damages to the tract aforesaid. It should be remembered that this is a private passway, and that appellant already had a right to use his own land to pass over, at his own will, whenever he desired. Hence he could not be made to account for any consequential benefits that

he might derive from a private passway established over his land for the use and benefit of the applicant.

The court also erred in refusing instruction No. 8, by which it was asked to instruct the jury that, if they believed any additional fencing would be required by the establishment of said passway, then they should award defendants such further sums as would compensate them for any additional fencing that might be rendered necessary. Appellant was entitled to prove that the proposed passway separated a portion of his land that was adapted to use from another portion, and that in order to inclose the whole tract, which it would probably be necessary for his convenience so to do, he would have to make a considerable amount of fencing more than if no passway should be established through his land. From the evidence and from common knowledge it would seem that, if a person was engaged in the cultivation of fruit or other products, it would be much safer for him to have his fruit or his farm products inclosed by fences, than for same to be left without fences, with a private passway running through the land, and his only protection being gates at each end of the passway, with a constant risk of the gates being left open or broken down, and in a very short time that immense damage might be the result.

Appellant was also entitled to a verdict for the reasonable value of the land taken for the passway, and should not have been confined to simply the value of the use thereof; for the presumption is that he never would again have any control over it.

The appellant obtained a larger judgment in the circuit court than was awarded to him in the county court, and it results, therefore, that the court erred in adjudging the

costs in the circuit court proceedings against him. It is a matter of no concern to appellant whether Stulk obtained a judgment or not. For the reasons indicated, the judgment appealed from is reversed, and cause remanded for a new trial upon principles consistent with this opinion.

Petition for rehearing by appellee overruled.