## Soaper v. Kimsey, et al.

(Decided June 1, 1911.)

Appeal from Henderson Circuit Court.

1. Roads—Report of Commissioners—The report of the commissioners should state the conveniences and inconveniences which will result as well to individuals as to the public from the opening of the road.

2. Commissioners' Report—Sufficiency of—A report will be sufficient that sets out fully the conveniences the proposed road would be to the public, and states the amount of damages that would be sustained by the persons over whose land the road runs.

3. Commissioners—Power of, in Location of Route—Commissioners appointed to report on an application to open a road may recommend that it will be opened on a different route from that described in the petition, if the route proposed by them runs in the same general course. But they have no authority to report on the advisability of opening a road in places entirely different from that described in the petition, or a road that would not follow the general course of the road proposed to be opened in the petition. But this objection to the report is not available to a person over whose land the different road would not run.

4. Evidence—In road cases it is competent for the petitioners to show the roads that will open into the proposed road, thus affording an outlet not only to those living immediately upon its line but for those living on other roads that will intersect with it.

5. Practicability of Route—The question of the practicability of the route proposed for the road is to be determined by the commissioners who locate it; and it is for the jury to say whether a road over this route is necessary for the public convenience.

YEAMAN & YEAMAN for appellant.

VANCE & HEILBRONNER and N. P. TAYLOR for appellees.

OPINION OF THE COURT BY JUDGE CARROLL—Affirming.

Proceedings were commenced in the Henderson County Court by the appellees against the appellant to establish a public road over his land. The appellant resisted the opening of the road in the county court, but it was opened over his objection; and he appealed to the circuit court, with the same result.

In the county court the appellant filed exceptions to the report of the commissioners, setting out (1) that the report did not state or show the convenience or inconvenience which will result to individuals or the public from the opening of the road; (2) that there was no private or public necessity for the road, and it would be expensive to maintain, with no resulting benefit to the public or any individual; (3) that the route described in the report is impracticable and expensive, and the road if established will greatly damage the lands of appellant, as it cuts his farm into two tracts.

Section 4293, of the Kentucky Statutes, provides among other things that the report of the Commissioners shall state:

"The conveniences and inconveniences which will result, as well to individuals as to the public, from the opening of such road."

The report of the commissioners described accurately the route of the proposed road and the amount of damages assessed in favor of the appellant, and set out that:

"The general public will be benefitted enough to justify the court in ordering the road opened as a county road."

The report also described what is termed a "prong road," and recommended that it be opened. No mention of this "prong road" was made in the petition asking that a road be opened over the lands of appellant and others, but the commissioners evidently believed that this "prong road" would be beneficial to the community, and, therefore, recommended that it be established as a county road. We may at this point say that this "prong road" does not in any place touch the lands of appellant. It runs through the lands of other persons, but it intersects the road that was opened

through the lands of appellant, thereby affording an outlet to persons living on this "prong road."

A supplemental report was filed, setting forth that:

"Said road and the prong road referred to in said report should be opened for the convenience of the people living in that section of the county, traveling to and from the county court house in the city of Henderson, and the steamboat landing in the city of Henderson, and for the convenience of the residents of the city of Henderson and those who reside along the route of said road and its tributaries, and beyond the roads in going to and from the city of Henderson, and the hauling of produce to the city of Henderson, and the merchandise and supplies from the city of Henderson along and upon said roads and its tributaries."

We think these reports substantially complied with the statutory requirement that the convenience as well as the inconvenience to the public and individuals should be set forth. The deficiency, if any, is in failing to set out with sufficient fullness the inconvenience to which appellant would be subjected, as the convenience that the public will derive is amply stated. But as the reports showed the quantity of appellant's land that would be taken and the amount of additional fencing that would be made necessary by the opening of the road, and the sum in damages that should be allowed him on these accounts, it seems evident that the commissioners considered that this covered the inconvenience appellant would suffer. While the reports in reference to the inconvenience of appellant are not as elaborate as they should be, we do not regard the defect in this particular as fatal to their sufficiency.

The argument is made that the road proposed to be opened through the premises of appellant is not a public necessity, is an impracticable route, and was intended as a private convenience for appellees, which, by reason of existing roads, they do not need. But these objections to the opening of the road presented questions of fact that were fully considered on the trial. In road cases, as well as in other cases involving questions of fact, the verdict of a properly instructed jury should not be disturbed unless it is flagrantly against the evidence, and we are not prepared to say that the verdict in this case is.

It is also insisted that the commissioners had no authority to report that the "prong road" should be opened, and that it was error for the court to order it opened. Sections 4289 and 4290, of the Kentucky Statutes, provide that a petition shall be filed describing the route of the proposed road, but it is also provided in section 4292 of the Kentucky Statutes, that the commissioners may examine other routes than that set forth in the petition and as near thereto as in their opinion a good road can be made at reasonable expense, and may report in favor of that route which they prefer with their reasons for the preference. While under the statute the commissioners may report in favor of opening the proposed road on other routes than that indicated in the petition, they have no authority to report on the advisability of opening a road in a locality entirely different from that described in the petition or a road that would not follow the general course of the road proposed to be opened in the petition. And if any person through whose land it was proposed to open this "prong road" was objecting to its establishment, we do not think the report of the commissioners would authorize over the objection of the land owners the opening of this "prong road." But, as this "prong road" does not touch at any point the lands of appellant or in any manner affect his interest or rights, he is not in a position to complain of the action of the commissioners or the judgment of the court opening this "prong road." The persons over whose land this "prong road" runs offered no objection to the opening of it, and they are the only persons who had the legal right to object. It is probable that knowledge of the fact that this "prong road" would be opened influenced to some extent the commissioners as well as the jury in finding that the road over the lands of appellant was a public necessity; but even if this were so, it affords no reason why appellant should be heard to object to the proceedings on this ground. If the parties who own the land over which this "prong road" is opened had without action on the part of the commissioners agreed to open it, or other persons had agreed that they would open roads leading into this proposed road, these facts would be competent evidence for the purpose of showing the benefit that the proposed road would be to the

community, in affording an outlet not only to those living immediately upon its line, but for those who lived on other roads in the vicinity that would intersect or connect with it.

It is also contended that the court erred in refusing to instruct the jury that—

"Unless they shall believe from the evidence that the route of the proposed road is the most practicable route for a road for the people who would use the proposed road were it opened, they will find for the defendant."

The court instructed the jury that—

"If you shall believe from the evidence that the establishment of the proposed road * * * is necessary for the use and conveniences of the traveling public, getting to or from the city of Henderson, or public warehouses located therein as mentioned, in the evidence; and if you shall further believe from the evidence that the said proposed route is a practicable one for such purpose, then and in that event you should find for the petitioners that said road should be established."

The only material difference between the instruction offered and the one given is that in the offered instruction the jury were not authorized to open the road unless they believed it was the "most" practicable route. It is said in argument by counsel for appellant that any route that engineering skill and money can construct might be a practicable route, but that the statute contemplates that a proposed new road should be opened over the "most" practicable route. We do not so construe the statute. Indeed, we doubt if it was necessary that the court should have submitted to the jury at all the question of the practicability of the route. The essential inquiry in these cases is the necessity for the road as a public convenience. If the proposed road is necessary for the convenience of the public, it naturally follows that it must be constructed over a practicable route—otherwise it would be of little use to the public. A road might be useful and necessary to the public and be constructed on an entirely practicable route, and yet the route might not be the "most" practicable one. The practicibility of the route is to be determined by the commissioners who locate it and it is for the jury to

say whether a road over this route is necessary for the public convenience.

A consideration of the record furnishes no reason for disturbing the judgment of the lower court, and it is affirmed.