## Exall v. Holland, et al.

(Decided October 20, 1915.)

### Appeal from McCracken Circuit Court.

1. Statutes—Repeal.—A statute may be repealed either by implication or by an express provision of a subsequent statute.

2. Statutes—Repeal by Implication.—A repeal by implication occurs when the provisions of the prior and subsequent statutes are repugnant to each other and irreconcilable, or when the later statute covers the whole subject matter of the former one and is manifestly intended as a substitute for it.

3. Statutes—Section 51 Constitution.—It is not violative of section 51 of the constitution for the General Assembly to repeal a statute by adopting a repealing statute in which the title refers to the act to be repealed by a reference to the chapter or section of the Kentucky Statutes, which embraces the statute designed to be repealed, but a statute designed to expressly repeal another, must have a title, wherein the repeal of the statute is set out as the purpose of the act.

4. Statutes—Section 4356s Ky. Stats.—Constitutional Law.—Section 4356s Kentucky Statutes, Carroll, 1915, is violative of section 51 of the constitution, so far as it attempts to repeal Article 11, Chapter 110, of Kentucky Statutes, Carroll, 1909.

5. Statutes—Private Passway—Appeal and Error.—Article 11, Chapter 110, of Kentucky Statutes, 1909, was intended to be a complete proceeding for the establishment by condemnation of a private passway, over the lands of one person for the use of another, as provided in that statute, and an appeal can not be taken from the county to the circuit court in such proceeding until there is a final determination of the case in the county court.

6. Private Roads—Establishment.—The county court can not determine the necessity for the passway until after the appointment and report of Commissioners, because that is one of the things that the Commissioners must report in regard to.

7. Private Roads—Establishment of—The court must determine the necessity for the passway, so far as regards the appointment of the commissioners, from the statements of the petition, but the issue as to the actual necessity for the passway is one going to the merits and must be determined upon exceptions to the report of the Commissioners.

8. Private Roads—Establishment of.—The ten days' notice required to be given of the application for the appointment of commissioners is to enable the owner, over whose lands the passway is proposed, to have a hearing at that time, as to who shall be the commissioners, and whether or not the petition shows facts, which under the statute, entitles the applicant to have Commissioners appointed. These are the only questions before the court at that time.

D. G. PARK for appellant.

CLAY & REED for appellees.

OPINION OF THE COURT BY JUDGE HURT.—Affirming.

The appellees, Tory Holland and Sally Holland, are the joint owners of a tract of nine acres of land, which

is situated in McCracken County, Kentucky, between the Broadway and Blandville public roads, and Joe Exall, the appellant, is the owner of lands, which lie between the lands of appellees and the Broadway public road. In pursuance of section 4349, Ky. Statutes, Carroll, 1909, the appellees gave the appellant notice of an intended application to be made by them to the county court to have condemned, for their benefit, a private pass way over his lands, from their lands to the Broadway public road, and thereafter on the day designated in the notice, the appellees filed their petition against appellant in the McCracken County Court, in which they alleged their ownership and residence upon the tract of land, and that they had no outlet from their farm to any public road, and that it was necessary for them, in order to enable them to attend the courts of the county, to go to elections, meeting houses, and railroad depots, and to convey their products from their farm, to have a pass way across the lands of appellant, which was the only convenient route from their residence on their lands to a public road and to the county seat, court house, election places, meeting houses, warehouses, ferry and railroad depots, and asked that a private pass way, sixteen feet wide, be condemned for them over the lands of appellant, beginning at the northeast corner of their lands and running in a northern direction for a distance of about 930 feet to the Broadway road, and prayed that the court appoint commissioners to report whether or not it was necessary for them to have such pass way for the purposes set out in their petition, and to perform the other duties required of such commissioners, by the provisions of the act of June 23rd, 1893, which is sections 4348, subsections 2, 3, 4, 5 and 6, sections 4349, 4350, 4351, 4352, 4353, 4354, 4355 and 4356, of Ky. Statutes (Carroll), 1909.

The appellant entered his appearance and filed an answer, in which he denied that there was any necessity for a pass way across his lands for the use of the plaintiffs, and as a further defense, alleged that his lands and those of the appellees were once owned by one Reynolds, who sold and conveyed the lands now owned by appellees to one Wilkerson, and that by reason of other conveyances, the title to the lands now owned by appellees had become vested in them, and that by reason of the deed from Wilkerson to Reynolds, the appellees had an im-

plied right to a pass way over appellant's lands, from their place to the Blandville public road, and for that reason, the one sought by them over his lands was unnecessary. The appellees, interposed a demurrer to the answer of appellant, but without waiving their demurrer, filed a reply, controverting the affirmative allegations of the answer, to which reply the appellant demurred generally.

The county court, without passing upon these demurrers, made an order appointing commissioners, as required by the statute above mentioned, when appellant took an appeal from the order of the county court to the circuit court. The case coming on for hearing, in the circuit court, it was first ordered to be submitted upon the demurrers heretofore mentioned. Thereafter, upon the motion of appellees, the order submitting the case upon the demurrers was set aside, and an order entered dismissing the appeal, and from this order Exall prayed an appeal to this court, which was granted.

It is insisted by appellant, that the statute, by which the proceeding by appellees was authorized, has been repealed, and that there is now no law in force to base such a proceeding upon or to authorize such a proceeding, and that the circuit court, instead of dismissing his appeal, should have dismissed the petition, and furthermore, that the circuit court and county court should have tried and determined the question as to whether or not it was necessary under the statute for appellees to have the pass way sought by them, before a reference of the matter should have been had to commissioners; while the contention of appellees is, that the appeal from the county court to the circuit court was prematurely taken, and that the circuit court was correct in its ruling, when it ordered the appeal dismissed, that the proceeding might be terminated in the county court.

We will first consider whether the act of June 23rd, 1893, which is Article II, of Chapter 110, of Carroll's Kentucky Statutes, 1909, being sections 4348-4356, inclusive, has been repealed and is not now in force. If repealed, there is no statute providing for the enforced establishment of pass ways over the lands of one person for the use of another, to enable him to attend courts, elections, meeting houses, mills, warehouses or depots, for the performance of his duties as a citizen of the community, and there being no law upon which the court could

rest its judgment, in such a state of case, the proceeding of appellees would be unauthorized. It is insisted that the statute, *supra,* was repealed by Chapter 80, of the acts of the General Assembly, 1914, and especially by section 89, of that chapter. The last mentioned act is embraced in Article 1, of Chapter 110, of Kentucky Statutes (Carroll), 1915, and is sections 4287-4356, inclusive, of Chapter 110.

A statute may be repealed by a subsequent statute, either by implication or by express provision of the subsequent statute. A repeal by implication can only occur where the provisions of the prior and subsequent statutes are repugnant to each other and irreconciliable, L. & N. R. R. Co. v. Jarvis, 27 R., 986, 87 S. W., 759; Lawson v. First National Bank, 31 R., 318; Durrett v. Davidson, 29 R., 401; Com. v. Wilber, 14 Bush, 218; Gifford v. Com., 2 R., 437; Auditor v. Trustees, &c., 81 Ky., 680; Loran v. City of Louisville, 4 R., 257; Adams Express Co., v. City of Owensboro, 85 Ky., 265; Beatty v. Com., 91 Ky., 313; City of Louisville v. Louisville Water Co., 105 Ky., 754; Mauget v. Plummer, 21 R., 641; or the later statute must cover the whole subject matter of the former one and be manifestly intended as a substitute for it. Gorham v. Luckett, 6 B. M., 146. An examination of the provisions of Article 1, Chapter 110, of Ky. Statutes, Carroll, 1915, demonstrates that it relates entirely to public highways and the manner of their establishment and maintenance, while Article 11, Chapter 110, of Kentucky Statutes, 1909, relates entirely to the manner of the establishment and protection of private pass ways, and defines the status of the persons entitled to such pass ways. The provisions of the two statutes are in no wise repugnant to each other, nor irreconciliable, and the later statute does not embrace nor cover the subject matter of the former statute, and could in no event be considered as a substitute for it.

It is, however, contended that the 89th section of the later statute, which is section 4356s, of Ky. Statutes, Carroll, 1915, expressly repeals the former statute. It does expressly do so. The section is as follows:

"The following sections of Carroll's Kentucky Statutes of 1909, together with all other laws, or parts of laws, with amendments thereto, in conflict herewith, are hereby repealed; section    *    *    *    4287-4356,    *    *    * inclusive, and    *    *    *    are hereby repealed."

The act of June 23rd, 1893, upon the subject of pass ways, and which is embraced in sections 4348-4356, inclusive, of Carroll's Ky. Statutes, 1909, and which are a portion of the sections of the statutes referred to as sections 4287-4356, all inclusive, are thus attempted to be expressly repealed, and if the repealing clause is valid, it has the effect to do so. Sections 4348-4356, inclusive, of Ky. Statutes, 1909, *supra,* contain nothing that is inconsistent with or in conflict with the provisions of Article 1, Chapter 10, of Ky. Statutes, 1915, *supra.*

The title of the act of 1914, which it is contended effects the repeal insisted upon, is as follows:

"An act defining public roads; providing for their establishment, regulation, use, and maintenance; and creating the office of County Road Engineer, and prescribing the duties thereof."

Section 51, of the Constitution, provides as follows:

"No law enacted by the General Assembly shall relate to more than one subject and that shall be expressed in the title, and no law shall be revised, amended, or the provisions thereof extended or conferred by reference to its title only, but so much thereof as is revised, amended, extended or conferred, shall be re-enacted and published at length."

It has been said that the purpose of the Constitution makers, in adopting that provision of the Constitution, was to prevent vicious legislation from being enacted by use of deceptive titles, which would mislead the legislators as to what was being attempted to be done. This court held in City of Paducah v. Petitioner, Ex Parte, 31 R., 170, in construing this provision of the Constitution:

"In 1904, the General Assembly, by an act, adopted the Kentucky Statutes as the law of the State, and provided that any of the chapters or sections therein might be amended or repealed by reference to and citation of the chapter or section, without giving the date or title to the act from which the chapter or section was taken. When the legislature amends or repeals a section of the Kentucky Statutes, and the title of the repealing or amendatory act mentions the section affected, the members of the General Assembly can at once conveniently examine the statute and ascertain the amendment; * * * We, therefore, conclude that the intention of the constitutional provision will be fully carried out, when the title

of an act calls attention to the section or chapter of the Kentucky Statutes to be repealed or amended."

It will be seen that the title of the act of 1914, which is Article 1, Chapter 110, of Ky. Statutes, 1915, does not refer to or indicate in the remotest way, that a clause of the act is designed to repeal the act embraced in Article 11, Chapter 110, of Ky. Statutes, 1909. While it is not violative of section 51, of the Constitution, for the General Assembly to repeal a statute by adopting a repealing statute, in which the title refers to the act to be repealed by a reference to the section of Kentucky Statutes, which embraces the statute, but a statute designed to expressly repeal another must have a title, wherein the repeal of the statute is set out as the purpose of the act, and that is doubly true, where the subject of the act proposed to be repealed is not naturally connected with the subject expressed in the title of the act, wherein the repealing clause is incorporated.

We conclude, therefore, that section 4356s, of Ky. Statutes, 1915, is violative of section 51, of the Constitution, so far as it proposes to repeal Article 11, Chapter 110, of Kentucky Statutes, 1909, and the statute therein embraced is a valid and existing statute.

The question remaining is, whether or not the appeal from the county to the circuit court was premature. It is apparent from an examination of all the provisions of the statute embraced in Article 11, Chapter 110, of Ky. Statutes, 1909 (Carroll) that it was intended, that this statute should provide a complete proceeding for the establishment of a private pass way. Jurisdiction was conferred upon the county court for that purpose, and it certainly was not contemplated, that at any preliminary stage of the proceedings in the county court, one or the other parties could remove the proceedings by appeal to the circuit court, and there complete what had been begun in the county court. It is true that the right of appeal from the county to the circuit court exists, and the trial in the circuit court should be a trial *de novo,* but, manifestly, this appeal to and trial in the circuit court can not be had, until a final judgment is rendered in the county court. Sub-section 2, of section 4348, of Article 11, Chapter 110, Ky. Statutes, 1909, provides that upon the filing of the report of the commissioners, the clerk shall issue process against the land owners, over whose lands the way is proposed to be established, to

show cause why the report should not be adopted. Sub-. section 3, of section 4348, provides, that at the first term of the county court, after the parties have been summoned the length of time prescribed by the Civil Code before an answer is required, if the court shall find that the report is in conformity to law, it will confirm the report as to all the parties who do not file exceptions to the report. Sub-section 4, provides, that if exceptions are filed, the court will empanel a jury to try the issues of fact made by the exceptions. If sufficient grounds are not shown for setting aside the verdict of the jury, the court shall render judgment in conformity thereto. After the judgment, then the parties may appeal to the circuit court, where the action shall be tried *de novo,* "upon the confirmation of the report of the commissioners by the county court, or the assessment of damages by said court, as herein provided."

Section 4351 provides, that when the report of the commissioners is filed, the county court shall proceed to establish the pass way or refuse it, as in case of a proceeding to establish a public road.

The contention of appellant, that the court should determine the question of the applicants' necessity to have the pass way condemned before the appointment of the commissioners, is not tenable, for the reason that it is one of the subjects upon which the statute requires the commissioners to report, and it would be idle to make such requirement of the commissioners, after the court had already determined that question. The parties may except to the finding of the commissioners upon the subject of the necessity of the pass way, and the court may have the advice of a jury upon that question; although it is not conclusively bound by the jury's verdict as to the question of the necessity for the pass way it has the same weight as the verdict of the jury in other cases. L. & N. R. R. Co. v. Ward, 150 Ky., 45. It was held by this court, in Kirk-Christy Co. v. American Association, 128 Ky., 668, that when the applicant filed his petition in the county court showing the necessary facts required by the statute, the court should appoint the commissioners, and when the commissioners' report was filed, process should go against the land owners, and then they could make their defense. The court must determine the necessity for the pass way, so far as regards the appointment of the commissioners, from the statements of the petition,

and the issue as to the actual necessity for the passway, is one going to the merits of the case, and must be determined upon exceptions to the report of the commissioners. Kirk-Christy Co. v. American Association, *supra.* Ten days' notice of the application for the appointment of commissioners is required to enable the owner, through whose land the passway is proposed to be condemned, to have a hearing at that time, as to who shall be appointed commissioners, and whether or not the petition of the applicant shows facts, which under the statute, entitle him to have commissioners appointed. These were the only questions before the court at that time, and necessarily must be the only ones upon which the land owner can be heard.

With these views, it is not necessary for us to give any opinion, as to whether the appellant's defense, as set out in his answer, will or not be sufficient, when offered at the proper time, and we make no intimation in regard to it.

The order of the circuit court dismissing the appeal taken by appellant from the order of the county court is therefore affirmed.