## Gratzer v. Gertisen, et al.

(Decided October 18, 1918.)

### Appeal from Daviess Circuit Court.

1. Statutes—Public Roads, Establishment and Regulation.—The Act of 1914 entitled, "An Act defining public roads; providing for their establishment, regulation, use and maintenance; and creating the office of county road engineer, and prescribing the duties thereof" (Acts 1914, p. 338), violates neither section 2, 13, 14, 51 nor 242 of the Constitution of Kentucky.

2. Statutes—Location of Public Roads.—Under the Act of 1914 (Ky. Stats., secs. 4298, 4301 and 4302) it is not necessary that the landowner should give his consent in order that a public road may be located across his land.

3. Highways—Location of Public Roads—Notice.—Section 18 of the Act of 1914 (Ky. Stats., sec. 4304) relating to the notice to be given concerning the location of public roads only provides that every such notice shall be published in the manner therein prescribed; it

does not prescribe what the notice shall contain; if it gives notice of the general location of the proposed road, showing its course with relation to the lands affected, and its terminal points, it will be sufficient.

4. Highways—Viewers' Report.—A report of viewers which gives the grades and bearings of a proposed road and so much of the old road as is to be abandoned, giving the terminal points of each as shown by a survey accompanied by a map giving the grades and bearings of the routes and the advantages of the proposed change, is a sufficient report.

5. Highways—Viewers' Report.—A viewers' report upon the proposed location or change in a public road may be amended, in furtherance of justice, as in any other case or proceeding.

6. Highways—Location of Public Road.—In a proceeding to locate a public road over the land of the plaintiff, he is entitled to recover (1) for the land taken; (2) for additional necessary fencing; and, (3) for such other direct damage that will result to the remainder of his tract by reason of the situation, condition, or shape in which it will be placed by the location of the road, but not to exceed in all the difference between the actual value of the entire tract immediately before, and the actual value of the remainder immediately after the taking, excluding from consideration any benefits to the land not taken by reason of the opening or use of the road.

7. Highways—Location of Road—Finding Upon Question of Damages.—The finding of a jury upon the question of damages for the location of a public road will not be disturbed unless it be flagrantly against the weight of the evidence.

W. E. AUD and J. R. HIGDON for appellant.

R. M. STUART and GILBERT HOLBROOK for appellees.

OPINION OF THE COURT BY JUDGE MILLER—Affirming.

On April 17th, 1917, Louis Gertisen, G. T. Herr and E. W. Thompson filed their petition in the Daviess county court asking that court to make certain changes in the route of the public road leading from Owensboro to Maceo. This proceeding was taken under the Act of 1914 entitled "An Act defining public roads; providing for their establishment, regulation, use and maintenance; and creating the office of county road engineer and prescribing the duties thereof." Acts 1914, page 338. The Act of 1914 now constitutes article 1 and sections 4287 to 4356s of Carroll's 1915 edition of the Kentucky Statutes.

Pursuant to section 4301 of that statute the county court appointed Schenk and Ray viewers to act with

Spurrier, the county road engineer, to make the preliminary report required by the statute. Of the owners of land affected by the proposed road Mrs. A. W. Herr, Mrs. Clara L. Ditto, C. G. S. Stewart, Henry Myers, Amelia Myers, E. W. Thompson and the heirs of Hawes McCreery donated a right of way over their respective tracts. Only Ben Gratzer, Sim Osborne and J. M. Gertisen excepted to the report. The viewers reported, awarding Gratzer $200.00 damages for 1 31-100 acres of land to be taken by the proposed new road. They made similar allowances of $200.00 to J. M. Gertisen for 1 33-100 acres, and $250.00 to Sim Osborne for 19-100 acres.

Gratzer and Osborne having excepted to the report, the county court thereupon appointed Wilson, Evans and Bottorf commissioners to assess the damages occasioned by the location of the new road over the land of the objectors. Ky. St., sec. 4302, 1915 Ed. The commissioners reported allowing the objectors damages at the rate of $300.00 per acre for land taken, but refusing them any damages on account of the abandonment of any portion of the old road. Osborne and Gratzer each filed eighteen exceptions to the commissioners' report, and upon a jury trial of the exceptions in the county court Ben Gratzer was allowed $393.00 for his land and $116.00 for fencing that would be necessary, making his total award $509.00. Osborne was allowed $250.00 for land and $25.00 for fencing, making his total award amount to $275.00. Osborne accepted the judgment of the county court; but upon appeal to the circuit court and a trial by a jury Gratzer recovered a judgment for $300.00 for land taken, and $100.00 for fencing, making a total recovery of $400.00 in that court. From that judgment Gratzer alone appeals to this court. As many of the grounds relied upon for a new trial are merely stated and not argued, we will be equally brief in disposing of them.

1. It is insisted that the Act of 1914, under which this proceeding was had, is unconstitutional for five reasons.

(a) It is first attacked because it does not give to the landowner whose land is taken for the new road a right of appeal. It is contended that this omission violates section 2 of the Constitution, which provided that

absolute and arbitrary power over the lives, liberty and property of freemen exists nowhere in the republic, not even in the largest majority. Appellant relies upon Williams v. Wedding, 165 Ky. 361, in support of this contention. That case held that so much of a drainage act as failed to give the property owner the right to try the question of his damages after the viewers had reported, was void because it failed to afford the property holder a trial of his case. But that case did not decide that the landowner was entitled to an appeal after his case had been tried; it merely decided that he was entitled to a trial. It is well settled that the right of appeal after a trial has been had is a matter of grace which the legislature may give or refuse, as it may think proper.

But, the property holder is given an appeal in cases of this character. It is true that the property holder has not, in express terms, been given an appeal by the Act of 1914; he is, however, given an appeal by section 4303 of the Kentucky Statutes, Ed. 1909, which was in force when the Act of 1914 was passed. This result is reached in this way: Section 89 of the act of 1914 (Ky. Stats., sec. 4356s) repeals many sections of Carroll's Kentucky Statutes of 1909, including sections 4287 to 4356, inclusive. But in two opinions of this court it has been held that section 89, *supra*, violated section 51 of the Constitution, and did not operate to repeal any of the sections therein named, because the title of the Act of 1914 did not purport to repeal any of said sections. See Exall v. Holland, 166 Ky. 315, and Fitzpatrick v. McGinnis, 174 Ky. 600. But this attempt did not affect the remaining portions of the act; and there being nothing in the Act of 1914 inconsistent with section 4303 of Carroll's Kentucky Statutes, 1909, it is still in force; and that section gives an appeal to the circuit court, and thence to the Court of Appeals in all cases where the county court has ordered a new road to be opened, and in other similar cases therein specified. So, appellant was within his rights when he appealed to the circuit court, and from the circuit court to this court; and, under any view of the case, the appellant has not been prejudiced by the failure of the Act of 1914 to provide an appeal.

(b)  It is further contended that the Act of 1914 violates section 14 of the Constitution, which provides that all courts shall be open, and every person, for an injury done him in his lands, goods, person or reputation, shall have remedy by due course of law, and right and justice administered without sale, denial or delay.  But, as above shown, the appellant has not only had an open court and an ample remedy provided, but he has prosecuted that remedy to its fullest extent, by having his case heard by reviewers, by commissioners, by two juries, and by an appeal to this court.

(c)  Again, it is contended that the Act of 1914 is unconstitutional because it violates section 242 of the Constitution, which provides, among other things, that the general assembly shall not deprive any person of an appeal from any preliminary assessment of damages against any such corporation or individual made by the commissioners or otherwise; and that upon appeal from such preliminary assessment, the amount of such damages shall, in all such cases, be determined by a jury according to the course of the common law.  But, as above pointed out, the statute fully complies with this section of the Constitution since it permits a trial after the preliminary assessment by the commissioners has been made.

(d)  Again, it is insisted that the Act of 1914 violates section 13 of the Constitution, which provides that no man's property shall be taken or applied to public use without just compensation being previously made to him.  This constitutional right was carefully preserved by the judgment in this case, which provided, in express terms, that the damages assessed should be paid before the property is taken.

(e)  Finally, it is insisted that the Act of 1914 is unconstitutional because there is nothing in the title to indicate that the act contemplated changing or altering public roads, thus violating section 51 of the Constitution, which requires that the subject of an act shall be expressed in its title.  By referring to the title of the act above given, it will be observed that it is entitled "An Act defining public roads and providing for their establishment, &c."  Without elaborating the subject, it is sufficient to say that changing the route of a road is certainly the establishment of a new road and is germane

to the other subjects embraced in the act and described in the title.

2. It is next insisted that the proposed change in the location of the road cannot be made without the written consent of the owners of the land in which the change of location is proposed to be made. Section 13 of the Act of 1914 (Ky. Sts., Ed. 1915, sec. 4299) is relied upon to support this contention. It is easily apparent, however, from a reading of that and other sections of the statute, that sub-section 13 merely provides a quick way of changing the location of a road with the consent of the landowners affected, thereby, while section 12 (Ky. Sts., sec. 4298), section 15 (Ky. Sts., sec. 4301) and section 16 (Ky. Sts., sec. 4302), provide a method of opening or changing a public road where the landowners affected do not consent to the change. The two methods are entirely independent of each other, and the last named method was followed in the case at bar.

3. It is contended that the notice for the alteration of the road required by section 18 of the Act of 1914 (Ky. Sts., Ed. 1915, sec. 4304) is insufficient. This notice is jurisdictional, and must, therefore, be given before any judgment can be entered. Chenault v. Collins, 155 Ky. 315. But the statute does not state what the notice shall contain; it only provides that all such notices shall be published for at least two consecutive weeks before the hearing of the petition, in a newspaper of general circulation, or, if there be no such paper, by handbills posted for fifteen days at the court house door and in five other public places in the vicinity of the road affected. It further makes it the duty of the county road engineer to do the advertising therein required under penalty of a fine. The notice was to be published by the engineer.

Appellant insists, however, that the notice should contain an accurate description of the proposed alteration by giving the points of beginning and ending, the bearings, grades and width of the road, with an accurate description of the part of the road proposed to be abandoned and the names of all the parties affected by the change of location, and by the abandonment of any part of the old road. This would require the newspaper notice to state substantially all the facts required

to be shown by the report of the viewers. But the statute does not so provide. On the contrary, it merely requires the notice for the altering of the road to be "published" in the manner and for the period therein specified. If it be sufficient, when fairly construed, to give notice of the general location of the proposed road, showing its course with relation to the lands affected and its terminal points, the statute is satisfied. The notice in this case fully measures up to these requirements. It stated when the petition was filed; the beginning point in the proposed new road; its route; the names of the owners of land through which it would pass; and its termination, with a description of that part of the road which would be thus abandoned, giving its points of beginning and ending. We hold this was a sufficient notice; and having been published in the manner and for the period prescribed by section 18 of the Act of 1914 (Ky. Sts., sec. 4304) the court had jurisdiction.

4. Appellant further contends that the viewers' report is insufficient to enable the court to say whether the county should undertake the work, in that it failed to report the advantages and disadvantages, to individuals and to the public, and failed to give the grades and bearings of the proposed change of road, or to state facts and circumstances that would enable the county court to determine whether the work ought to be undertaken by the county; and it is further suggested that the viewers failed to examine other routes than the route petitioned for, and failed to give the reasons for their preference.

The statute (section 4301) requires the viewers to view the ground, and among other things, to report in writing "the advantages and disadvantages which, in their opinion, will result as well to individuals as to the public from the proposed work and the grades and bearings of the proposed road, and the facts and circumstances that may be useful to enable the county court to determine whether such work ought to be undertaken by the county. . . . They shall make careful examination of other routes or locations than that proposed or petitioned for, keeping in view at all times the possible future development of the county and the accommodations of the general traveling public, and shall re-

port in favor of the one they prefer with the reasons for the preference. A map giving the grades and bearings of the routes or locations shall be returned with the report.''

The same section further provides that in any case where it shall appear to the county court that the interests of the general public may be furthered thereby, the county court shall personally examine the proposed work.

This statutory provision requiring the viewers to report the course of the proposed road and the advantages and disadvantages which will result as well to individuals as to the public from the location of the proposed road has come down to us, in substantially the same form, from the early legislation of the state. And, while the wording of the statute has been varied from time to time, its general purpose has remained the same. Thus, the Revised Statutes required the report of the viewers to describe the route by ''metes and bounds, and by courses and distances'' (Vol. 2, art. 1, sec. 3, chap. 84); the General Statutes required the report to describe the road ''by metes and bounds and by general courses, and probable distances'' (chap. 94, art. 1, sec. 3); while the present statute merely requires the report, in this respect, to give ''the grades and bearings of the proposed road.'' (Ky. Sts., 1915 Ed., sec. 4301.)

In Rochester v. Sledge, 82 Ky. 345, the court stated the purpose of these statutory provisions as follows:

''The object of these provisions of the statute is to give the owner of the land over which the proposed road is to pass information of the location in order that there may be made an agreement, if there is damage, as to its amount, or that those acting under a writ of *ad quod damnum* may be able to locate the route and thereby determine the damage.''

And, in Phillips v. Tucker, 3 Met. 70, a case tried under the Revised Statutes, it was said that the law required the road ''to be meted and bounded by the viewers,'' and that ''to comply with that provision the points of its commencement and its termination, at least, should be fixed by some visible object, sufficient to determine their exact locality.'' But under our present statute the petition must set forth specifically ''the nature and location of the proposed work,'' and upon that the view-

ers report the advantages and disadvantages and the grades and bearings of the proposed road. Ky. Sts., sec. 4301.

And, under section 4293 of the Kentucky Statutes, 1909, requiring the commissioners' report to state "the *conveniences and inconveniences* which will result, as well to individuals as to the public from the opening of the road" it was said that a report that sets out fully the conveniences the proposed road would furnish to the public, and states the amount of damages that would be sustained by the persons over whose lands the road runs, is sufficient. Soaper v. Kimsey, 144 Ky. 32. See also Tingle v. Tingle, 12 Bush, 160.

The report of the viewers in this case as amended describes with considerable particularity the proposed road, as well as the portions of the old road that were to be abandoned, giving the terminal points and the metes and courses of each, as shown by a survey; and a map giving the grades and bearings of the routes was returned with the report. The viewers further reported that the new road, if established as described by the survey, would be of great advantage both to the public as well as to the individuals along its route, and would be a disadvantage to no one; that it would eliminate the danger of three dangerous railroad crossings; that it would not be necessary to take any burying ground, garden, yard, orchard or any part thereof, or to injure or destroy any buildings; and that the proposed new road would afford to the people along its line, and to the public, a more convenient outlet to school, mill, church and post office. It also gave the names of the persons who owned lands that would be taken by the proposed road, indicating who had donated the right-of-way, and reported that Ben Gratzer, J. M. Gertisen and Sim Osborne had not donated the right-of-way, and would require compensation, to which they were entitled, according to the opinion of the viewers. Finally the viewers reported that the proposed road should be established and portions of the existing road should be abandoned, provided the right-of-way for the proposed new road could be obtained throughout its entire length free of expense to the county. In our opinion the report satisfied the statute. See Ward v. Campbell, 14 B. M. 339; Soaper v. Kimsey, 144 Ky. 32.

5. But, it is said the circuit court should not have permitted the viewers to amend their report in that court, since there is no provision in the statute to that effect. There is, however, nothing in the statute to the contrary; and, as the case was tried *de novo* in that court, we see no reason for denying, in cases of this char-acter, that right of amendment which is freely allowed, at any trial, in furtherance of justice, and on such terms as may be proper, under the express provisions of section 134 of the Code of Practice.

The opinion in Soaper v. Kimsey, *supra,* shows that the report of the viewers was amended in that case, although it does not show that the amendment was made in the circuit court. But, if it can be made in the county court, we perceive no good reason why it cannot be made in the circuit court, as is constantly done in other cases and proceedings. In either case the final trial in the circuit court is had upon the report as amended, and the appeal to this court is prosecuted upon the record as made in the circuit court.

6. No complaint is made in the brief, of the instructions, but the appellant offered an instruction directing the jury that in case they believed the proposed change in the road necessary, they should fix the value of Gratzer's land actually taken at a sum not less than the sum fixed by the commissioners in their report. This in-struction was offered upon the theory that as the petitioners filed no exceptions to the commissioners' report and no issue was made by the petitioners as to the damages there allowed, the jury would not be authorized to find a less sum in damages for the land thus taken than was fixed by the commissioners. But appellant excepted to that report and made an issue upon the question of damages. We have been referred to no authority sustaining this view of the law of the case and know of none that would sustain it. Several other instructions were offered by appellant which do not need consideration.

The instructions given by the court upon the subject of damages followed the rule prescribed in Broadway Coal Mining Co. v. Smith, 136 Ky. 725, 26 L. R. A. (N. S.) 565, by allowing appellant to recover (1) for the land taken; (2) for additional necessary fencing, and (3) for such other direct damage that would result to the re-

mainder of the tract by reason of the situation, condition, or shape in which it would be placed by the location of the road, but not to exceed in all the difference between the actual value of the entire tract immediately before and the actual value of the remainder immediately after the taking, excluding from consideration any benefits to the land not taken by reason of the opening or use of the road.

7. It is further insisted that the verdict of the jury is not sustained by the evidence. That, however, was a question for the jury under all the proof, and its finding cannot be said to be flagrantly against the weight of the evidence. Soaper v. Kimsey, 144 Ky. 32.

Several other minor objections have been suggested, but they are in effect included in the questions heretofore disposed of and need not be considered separately. Upon the whole case we are of the opinion the appellant has had a fair trial, and that the judgment of the circuit court should be affirmed.

It is so ordered.