## Wolfe, et al. v. Bailey, et al.

(Decided May 30, 1919.)

### Appeal from Grant Circuit Court.

1. Highways—Prescriptive Right.—Where petitioners alleged that a certain road sought to be closed was a public way they cannot claim there was no prescriptive right of use in appellees.

2. Evidence—Burden of Proof.—The burden of proof is on the party who would be defeated if no evidence was introduced on either side.

3. Highways—Judgment Closing Road—Appeal.—While an appeal is not expressly authorized by the Act of 1914 pertaining to public ways an appeal is allowed by section 4303 of the Kentucky Statutes (Ed. 1909) which was in force when the 1914 Act was passed. It has heretofore been held that so much of the Act as undertook to

repeal section 4303 was unconstitutional, therefore, section 4303 was in effect, and appellees were entitled to appeal from a judgment of the county court closing a road.

4.  Highways—Judgment Closing Road.—Under section 4303 of the Kentucky Statutes, the exceptors are given 60 days within which to take an appeal from a judgment closing a road.

5.  Appeal and Error—Review—Record.—In the absence of sufficient evidence in the record to enable the court to determine whether the trial court acted properly the appellate court will presume that the judgment is correct and it will be affirmed. This court cannot act intelligently, in reviewing a case, unless the entire record is sent here.

C. C. ADAMS for appellants.

J. J. BLACKBURN for appellees.

OPINION OF THE COURT BY JUDGE QUIN—Affirming.

Appellants filed their petition in the Grant county court asking that 1460 feet of the Crooked Creek Dirt Road, in Grant county, be closed, because the said road was paralleled by a turnpike road and the dirt road was no longer needed for use, and the new road served every purpose for which the original roadway was established and designed.

Notice of the application for the closing of the road was duly advertised by printed notices and newspaper publication. Its discontinuance was approved by the county road engineer, and by the viewers appointed by the court.

Exceptions were filed by appellees to the closing of the road, and upon a trial it was adjudged that the section of the dirt road in question be closed and discontinued. Appellees appealed from this judgment to the circuit court and executed a supersedeas bond on the appeal.

The grounds of the appellees' exceptions were that the road sought to be closed was their only outlet to travel to church, school, store, post office, and that the lands owned by the appellees would be inaccessible if the road was ordered closed, and would impair the value of their land. To these exceptions appellants filed an answer or response denying the grounds above referred to and alleging, among other things, the road had not been used for nine years; that it had been fastened up for at least two years, and that the exceptors had other

ways of ingress and egress and they would not suffer any inconvenience from the closing of the road.

In the circuit court certain motions filed by the petitioners were overruled, a trial was had and the court entered a judgment sustaining the judgment of the county court closing and discontinuing the dirt road for the distance above referred to, as a public road of Grant county, but inasmuch as the appellees had no way of reaching the other public roads of the county it was adjudged that appellees were entitled to the uninterrupted use of said dirt road as a private passway for themselves and those claiming under them, from the point where they entered the old road, indicated by a gate, to its intersection with the Grant and Pendleton county turnpike at the end of said old road. By said judgment appellants were given the right to erect and maintain a gate over and across said road at its intersection with said turnpike for the convenience and benefit of the appellees and those claiming under them. From this judgment the present appeal has been prosecuted.

It is urged there was no prescriptive right of a private passway pleaded by appellees, and therefore the court had no right to hear any testimony on this point, but it is alleged in the petition that it was a public road; if so appellees were certainly entitled to use it as such, and appellants would seemingly have no cause to complain because it was closed to the public; the use of only so much of it was granted appellees as would give them the right of ingress and egress to their premises. Besides, in the absence of the evidence we do not know what testimony was given. Nor do we think the court erred on the question of the burden of proof, the burden of the whole action being on the party who would be defeated if no evidence was given on either side. Civil Code, sec. 526; Barral, &c. v. Quick, 111 Ky. 22.

The main contention of the appellant is that there was no right of appeal to the circuit court, it being contended that the act of March 23, 1914, especially what is now section 4356s of the Kentucky Statutes repealed so much of the old law as allowed appeals in these cases. But in making this point counsel has doubtless overlooked the case of Gratzer v. Gertisen, et al., 181 Ky. 626, wherein this question is discussed at length, and the court holds that while an appeal is not expressly given by the act of 1914, an appeal is allowed by section 4303

of the Statutes (edition of 1909), which was in force when the act of 1914 was passed. And while section 89 of the act of 1914 attempts to repeal many sections of the 1909 Statutes, including section 4303, this court has held in two instances that, being violative of section 51 of the Constitution, it did not operate as a repeal of any of the sections therein named, because the title to the act of 1914 did not purport to repeal any of said sections. See Exall v. Holland, 166 Ky. 315; Fitzpatrick v. McGinnis, 174 Ky. 600.

The point is also made that the appeal was not taken in time. By reference to the same section, to-wit, 4303, (Stats. of 1909) it will be found that this point is without merit. The section relied upon by counsel for appellant to the effect that an appeal must be taken in thirty days, refers to private passways. The exceptors had sixty days under section 4303 within which to take their appeal and it was taken within that time.

It is stated in the judgment of the circuit court that the court heard certain evidence, but there is no transcript of this evidence before us. In the absence of sufficient evidence in the record to enable the court to determine whether the trial court acted properly this court will presume that the judgment is correct and will be affirmed. We should have before us the entire record upon which the lower court based its conclusions, otherwise we cannot intelligently review the action of the lower court. Shelby v. Johnson, 158 Ky. 565; 165 S. W. 679; Myers v. Saltry, 163 Ky. 481, 173 S. W. 1138.

Wherefore the judgment is affirmed.