## Burton, et al. v. Bryant, et al.

(Decided May 29, 1923.)

## Appeal from Adair Circuit Court.

1. Statutes—Repealing Clause of Statute Relating to Same Subject-Matter is Within Title, Though Not Referred to.—The repealing clause in an act, insofar as it affects the provisions of prior acts relating to the same subject, is germane to the title of the act of which it is a part, and does not violate Constitution, section 51, although the title contains no reference to the repeal.

2. Highways—Repeal of Statute Allowing Appeals in Highway Proceedings Was Valid.—Acts 1914, chapter 80, relates to the same subject as Kentucky Statutes 1909, sections 4287-4347, that of public roads, so that the express repeal of the latter sections by section 89 of the Act of 1914 was valid as to section 4303, which authorized appeals from judgments establishing roads.

3. . Highways—Appeal May be Taken Both to Circuit Court and to the Court of Appeals in Proceedings for Establishment.—Under Kentucky Statutes, section 978, authorizing appeals to the circuit court from all judgments of the county court where the amount in controversy is over $50.00, and from judgments in proceedings to condemn lands for any purpose, and under section 950-1, allowing an appeal to the Court of Appeals from judgments of the circuit court in cases in which the title to land or the right to an easement therein is directly involved, an appeal may be taken from a judgment establishing a highway to the circuit court and from that court to the Court of Appeals, notwithstanding the repeal of Kentucky Statutes 1909, section 4303, expressly authorizing such appeals.

4. Highways—Exceptions to Viewers' Report, which Courts were Not Asked to Pass on, are Deemed Waived.—Exceptions to the report of viewers for the establishment of a highway, which neither the county court nor the circuit court passed on or were requested to pass on, are deemed, on appeal to the Court of Appeals, to have been waived.

5. Highways—Finding of Necessity, Based on Conflicting Evidence, not Disturbed, Unless Clearly Against Weight.—Where the evidence as to whether a proposed road was necessary for the public convenience was conflicting, the finding of the circuit court in favor of the highway will not be reversed, where it cannot be said it was flagrantly against the evidence.

6. Eminent Domain—Finding of Damages by Circuit Court, Sustaining Finding of County Court, Not Disturbed.—Notwithstanding evidence that the damages caused by the establishment of a highway greatly exceeded the amounts allowed by the circuit court, they will not be held inadequate, in view of the wide difference of opinion always found in cases of that character, where the finding of the circuit court was the same as that of the county

court, only a little less than the finding of the viewers', and substantially twice the finding of the commissioners.

L. C. WINFREY and J. F. MONTGOMERY for appellants.

JONES & GARNETT for appellees.

OPINION OF THE COURT BY JUDGE CLAY—Affirming.

On October 7, 1918, Thomas A. Bryant and four other residents and landowners of Adair county filed in the Adair county court their petition asking the establishment of a public road leading from the Stanford road to the Oak Grove road. The county court appointed viewers, who filed a report recommending the establishment of the road, and assessing damages to J. E. Burton and others, who filed demurrers and exceptions to the petition and the viewers' report. The county court determined that the work should be undertaken and entered an order fixing the damages. The remonstrants not being willing to accept the damages fixed by the court or to agree on the amount, the court appointed three commissioners to assess the damages. The commissioners filed a report fixing the damages, and on final hearing the county court entered an order overruling the exceptions, directing the establishment of the road and fixing the damages in accordance with the report of the commissioners. On appeal to the circuit court the case was submitted without the intervention of a jury, and the court rendered judgment establishing the road as ordered opened by the county court, and fixing the damages. From that judgment this appeal is prosecuted.

The first question presented is whether the appeal lies. Section 4303, Kentucky Statutes, 1909, provided for an appeal in road proceedings to this court. In the year 1914 the legislature passed an act entitled, "An Act defining public roads, providing for their establishment, regulation, use and maintenance, and creating the office of county road engineer and prescribing the duties thereof." Acts 1914, c. 80. Section 89 of that act expressly repealed sections 4287-4356, Kentucky Statutes, 1909. Of these sections, sections 4348-4356, inclusive, constitute article 11, c. 110, Kentucky Statutes, 1909, and relate only to private passways. In Exall v. Holland, 166 Ky. 315, 179 S. W. 241, we held invalid so much of section 89 of the act of 1914 as attempted to repeal sections 4348-4356, on the ground that to that extent the section related to a

subject not germane to the title of the act of which it was
a part, and was therefore violative of section 51 of the
Constitution, which provides that no law enacted by the
General Assembly shall relate to more than one subject
and that shall be expressed in the title, and this ruling
was followed in Fitzpatrick v. McGinnis, 174 Ky. 600, 192
S. W. 651. Citing those cases as controlling, the court,
in Gratzer v. Gertisen, 181 Ky. 626, 205 S. W. 782, held
that section 89 of the Act of 1914 did not repeal section
4303, Kentucky Statutes, 1909. This ruling was followed
in Wolfe v. Bailey, 184 Ky. 481, 212 S. W. 579. In reach-
ing this conclusion the court overlooked the fact that the
decisions in Exall v. Holland, *supra,* and Fitzpatrick v.
McGinnis, *supra,* were confined to sections 4348-4356, and
that the validity of the repealing clause, in so far as it
affected sections 4287-4347, was not involved or decided.
That being true, the question is now before us. The re-
pealing clause of an act, in so far as it affects the pro-
visions of a prior act relating to the same subject, is
germane to the title of the act of which it is a part, and
does not violate section 51 of the Constitution, although
the title contains no reference to such repeal. The act
of 1914 and sections 4287-4347, Kentucky Statutes, 1909,
relate to the same subject, that of public roads. It fol-
lows that the repealing clause of the act of 1914 is valid
as to section 4303, Kentucky Statutes, and that that sec-
tion is no longer in force. But notwithstanding the re-
peal of section 4303, we find that under section 978, Ken-
tucky Statutes, appeals may be taken to the circuit
court from all judgments of the county court where the
amount in controversy is over $50.00, exclusive of interest
and costs, and from judgments in proceedings to con-
demn land for any purpose, and that under section 950,
Kentucky Statutes, an appeal may be taken to the Court
of Appeals, as a matter of right, from the judgments of
the circuit court in all cases in which the title to land, or
the right to an easement therein, is directly involved, and
as the establishment of a public road necessarily requires
the taking of land for that purpose, and directly involves
the title to, and an easement in the land so taken, it can-
not be doubted that these sections not only authorize an
appeal from the county court to the circuit court, but also
from the circuit court to this court. Noe v. Kirtland, 195
Ky. 542, 242 S. W. 838.

Appellants filed numerous exceptions to the viewers'
report, and it is now insisted that some of these excep-

tions should have been sustained. The only exceptions which either the county court or the circuit court ever passed on, or was asked to pass on, were those relating to the questions of necessity and the amount of the damages. That being true, the exceptions, other than those, will be deemed to have been waived.

On the question whether the proposed road was necessary for the public convenience, the evidence is conflicting, and we are not prepared to say that the finding of the circuit court is flagrantly against the evidence. Soaper v Kimsey, 144 Ky. 32, 137 S. W. 797.

But it is earnestly insisted that the damages allowed are wholly inadequate. The viewers assessed the damages as follows: To J. E. Burton $65.00, to J. W. and Malinda Burton $65.00, and to Rosa L. Curry $65.00. The county court fixed the damages as follows: J. E. Burton $50.00, J. W. and Malinda Burton $50.00, and Rosa L. Curry $50.00. The commissioners fixed the damages as follows: J. E. Burton $25.00, J. W. and Malinda Burton $30.00, Rosa L. Curry $30.00, and their report was confirmed by the county court. On appeal the circuit court fixed the damages of J. E. Burton at $50.00, of J. W. and Malinda Burton at $50.00, and of Rosa L. Curry at $50.00. While it is true that the evidence for appellants tends to show that the damages were far in excess of those fixed by the circuit court, yet, in view of the fact that there is always a wide difference of opinion respecting the amount of damages in cases of this character, and of the further fact that the finding of the circuit court is the same as that of the county court and only a little less than the finding of the viewers, and substantially twice the finding of the commissioners, we see no reason to hold that the damages are inadequate.

Judgment affirmed.