### Stewart, et al. v. Colley, et al.

(Decided November 9, 1923.)

### Appeal from Carter Circuit Court.

1. Highways—Publication of Notice "Once in Each Week" Does Not Mean Publication for Two Weeks.—Under Ky. Stats, section 4304, requiring notices for establishment, alteration, or discontinuance of any road, bridge, or landing to be published at least once in each week for two consecutive weeks, the first publication need not be two weeks before application or for 14 or any other number of days before application.

2. Highways—Within Power of General Assembly to Fix Notice of Change in Highways.—It is within the power of the General Assembly to fix what notice shall be given of an application for change in a highway.

3. Highways—Necessity for Change in Road Determined by County Court.—In view of Ky. Stats., sections 4301, 4302, question of necessity for change in a road is to be determined by the county court, and not a jury.

4. Highways—Viewers' Report Not too Indefinite as to Proposed Change in Highway.—On petition under Ky. Stats., section 4301, for change in a county road, a report of viewers was not too indefinite, though not fixing the width of the road, where it did fix the distance the proposed change would go through the property of landowners, since it was capable of being made certain and definite.

THEOBALD & THEOBALD for appellants.

G. W. E. WOLFFORD and WAUGH & HOWERTON for appellees.

OPINION OF THE COURT BY TURNER, COMMISSIONER— Affirming.

On Thursday, May 5, 1921, appellees caused to be published in a weekly newspaper, having general circulation, at Grayson, Carter county, Kentucky, a notice that they would on Monday, the 16th day of May, 1921, file a petition in the Carter county court asking for a change in a certain county road therein designated, and specifying the changes that would be asked for. That same notice was published one week thereafter on Thursday, May 12, 1921, and on the following Monday, the 16th, motion was entered in the county court.

After certain proceedings in the county court the change as prayed for, or practically as prayed for, was granted, and appellants, who had appeared in the county court and opposed the proposed change, appealed from the judgment of the county court to the circuit court.

In the latter court there was another trial, resulting in a verdict fixing the amount of the damages to appellants, and they having been refused a new trial there have appealed to this court.

The jurisdiction of the county court to make the proposed change is attacked because of the alleged insufficiency of the notice under the statute. Section 18 of the act of 1914 (section 4304, Carroll's 1922 Kentucky Statutes) provides:

"All notices and advertisements for the establishment, alteration or discontinuance of any road, bridge or landing, and all notices or advertisements for sale of public road or bridges to be let to contract under the provisions of this chapter, whether for construction or maintenance, shall, unless otherwise provided by law, be published for at least two consecutive weeks next preceding the date for receiving bids for building or repairing pub-

lic road or bridges, or before the hearing of a petition for the establishment, alteration or discontinuance of a road, bridge or landing, at least once in each week in a newspaper of general circulation, or if there be no newspaper published in the county, then by hand bills posted for fifteen days.''

It will be observed that the statute fixes no specific number of days the notice must be published before the application to the county court. It only provides the publication must be for at least two consecutive weeks next preceding the hearing of such a petition, at least once in each week. There is no provision for its publication for two weeks before such application or for 14 or any other number of days before such application; the provision is for a publication once in each week *for the two weeks preceding the time of the application.* That is to say, if the newspaper is published on Wednesday or Thursday of one week and the notice appears therein, and the same notice in the same paper the following week, the week thereafter the application may be made and the hearing had.

It may be admitted that the language of the section as to notice is not as definite as it might be, but when it is considered that county courts in this state have their regular terms beginning on Monday, and that ordinarily county papers in rural communities are published about the middle of each week, it seems fairly clear that the legislature had in mind that such a notice published for the two consecutive weeks preceding the Monday on which the county court met should be regarded as sufficient notice.

It is within the power of the General Assembly to fix what notice shall be given, and giving full effect to the language of the section we think the notice in this case was a compliance therewith.

It is likewise insisted for appellants that it was error for the circuit court to refuse to submit to the jury the question of the necessity for the proposed change in the road.

It is true this court under the road statutes in force prior to 1911 held it was proper, under such statutes, to submit to the jury on the trial of exceptions in road cases the question of the necessity for the making of a road or the making of a proposed change. Soper v. Kimsey, 144 Ky. 32. But in 1914 the General Assembly revised the

road laws of this state and changed them in many respects.

In that act (Kentucky Statutes, 4301) it is provided that when any person desires the establishment or alteration of a public road he shall petition the county court, setting forth the nature of the proposed work, and the court shall thereupon appoint two viewers, who with the county road engineer shall view the ground and report in writing the advantages and disadvantages to individuals and to the public, the grades and bearings, "And the facts and circumstances that may be useful to enable the county court to determine whether such work ought to be undertaken by the county."

Then the same section provides:

"In any case where it shall appear to the county court that the interests of the general public may be furthered thereby, the county court shall personally examine the proposed work. If the court decides to undertake the proposed work the county judge shall appoint a day for hearing the parties interested."

The following section (4302) specifically provides:

"Upon hearing the parties interested in an application for a public road, bridge or landing, said county court shall decide for or against undertaking the proposed work on behalf of the county. If the court decides in favor of the establishing, alteration, or discontinuance of the same and the compensation to be paid to any proprietor or tenant cannot be fixed by agreement, the court shall appoint three impartial housekeepers of the county as commissioners to assess damages the owner or tenant may be entitled to receive, who shall be sworn to faithfully and impartially discharge their duties according to law; provided, that either the county or any tenant or proprietor may file exceptions to the report of said commissioners. When exceptions shall be filed by either party the court shall, unless the parties agree that the court may try the issues raised by such exceptions, forthwith cause a jury to be impaneled to try such issues and to assess compensation and damages to which tenants and proprietors may be entitled."

The language of these sections is unambiguous; it clearly and unmistakably lodges in the county court the power to determine the necessity for undertaking any such work, and plainly intended to change the procedure provided in the former statute whereby the necessity for such improvement was left to the determination of a jury.

Some complaint is made of the indefiniteness of the viewers' report. It is true it did not fix the width of the road, but it did fix the distance the proposed change would go through the property of each of appellants. As the statute fixes the minimum width of such roads, and the court had before it the distance through each of the farms, it was capable of being made certain and definite, and was so made in the judgment entered on the verdict.

Judgment affirmed.