CASE 110—MANDAMUS—MARCH 29, 1884.

# Auditor v. Trustees Frankfort Common School.

### APPEAL FROM FRANKLIN CIRCUIT COURT.

1. All money raised by the taxation of railroads is "for the ordinary expenses of the Government," and no part of it is to be applied "to the support of common schools."

2. Repeals of statutes by implication are never favored. All provisions of the statute must be construed, if possible, so as to allow every part to stand and be effective. One provision does not annul or repeal another, unless there is an irreconcilable conflict or an express declaration of repeal.

Section 1 of article 1, chapter 92, General Statutes, which fixes the rate of taxation upon property in general, and provides that a certain portion of the sum so raised shall be applied for the support of common schools, is not in conflict with article 12 of the same chapter, which provides for the taxation of specific property, and directs the application of the amount raised by the taxation of this specific property to the general purposes of the Government.

P. W. HARDIN, ATTORNEY GENERAL, FOR APPELLANT.
No brief.

J. L. SCOTT AND THOS. B. FORD, FOR APPELLEE.

The Trustees Frankfort Public School have the right to maintain this action. (Graham v. Maddox, 2 Met., 69–71; Act March 16, 1869, sec. 3, charter, p. 102; sec. 4, p. 103; Civil Code, sec. 25; C. C., sec. 477; Land's Reports, 218; 1 Bibb, 533; 4 Bush, 491; 8 Bush, 106; 10 Bush, 570.)

The mandamus should be awarded and the $271,574.17 collected from railroads from 1879 to 1883, inclusive, should be placed to the credit of the common-school fund. (1 Bibb, 533; 5 Mon., 327; 7 Mon., 443; 6 Dana, 188; 3 B. Mon., 198; 6 B. Mon., 651; 1 Met., 538; 2 Met., 69–71; 4 Bush, 491; 8 Bush, 106; 10 Bush, 570; 7 T. Rep., 463; 1 T. Rep., 146; 11 Sel., 202; Moses on Mandamus, 197–198; Collins v. Henderson, 3 Ind., 452; 19 Wend., 56.)

Clearly, if the tenth section of article 12, chapter 92, General Statutes, is in conflict with the act passed April 3, 1878, entitled "An act to prescribe the mode of ascertaining the value of the property of railroad companies for taxation and for taxing same," act 1878, vol I, p. 82, sec. 4, it is repealed, and the first section of chapter 92 is left in full force, levying the forty-five cents, twenty cents of which is dedicated to common-school purposes. This act demonstrates our case.

Auditor v. Trustees Frankfort Common School.

JUDGE HINES DELIVERED THE OPINION OF THE COURT.

This is a proceeding by mandamus to compel the auditor to transfer from the account of revenue for the ordinary expenses of the Government to the common school fund account the sum of two hundred and seventy-one thousand five hundred and seventy-four and seventeen hundredths dollars ($271,574.17) collected from railroads from 1879 to 1883, inclusive.

It is contended for appellee that the statute provides for the raising of this revenue for the specified purpose of increasing the common-school fund.

The Constitution sets aside certain funds and certain revenue, together with such sums as may be raised by taxation or otherwise, to be held sacred for the benefit of common schools. The fund here sought to be secured for the benefit of such schools is not set aside by the Constitution for that purpose, and it, therefore, should not be transferred to the common-school account unless so directed by legislative enactment. Before a constitutional question can arise it must be determined that the fund was "raised" for common-school purposes. This is easily determined by reference to the statutes.

Section 1 of article 1, chapter 92, title "Revenue and Taxation," General Statutes, provides for an annual tax of "forty-five cents upon each one hundred dollars of value of the real and personal estate directed to be assessed for taxation," and that twenty cents of the amount so raised shall be "for the support of common schools."

Section 1 of article 12 of same chapter, title "Railroads, Turnpike Roads, and other Corporations, Tax on," reads: "The several railroads in this Commonwealth, their depot grounds and improvements, with the right of way, engines,

rolling stock, and other investments for the uses and purposes of the roads, are hereby assessed for taxation at the rate of twenty thousand dollars per mile, except roads known as narrow-gauge roads, which shall be assessed at ten thousand dollars per mile."

The tenth section of the same article reads, "All money paid into the treasury under this article shall be for the ordinary expenses of the Government."

In obedience to a familiar rule of construction all provisions of the statute must be construed, if possible, so as to allow every part to stand and be effective. One provision does not annul or repeal another unless there is an irreconcilable conflict or an express declaration of repeal. Repeals by implication are never favored. Here we find no irreconcilable conflict and no express repeal. The first section of article 1, chapter 92, simply fixes the rate of taxation upon property in general, and provides what portion of the sum so raised shall be applied for the benefit of common schools, while the tenth article provides for the taxation of specific property, and designates the application of the amount raised by the taxation of this specific property "to the general purposes of the Government." But for this express appropriation of the tax thus raised to a designated purpose it would be applied as other taxes levied upon property in general.

The several acts of the Legislature passed subsequent to the General Statutes, upon which appellee relies as repealing the provisions of article 12, do nothing more than alter the amount to be assessed upon property in general, as in the first section of article 1 of chapter 92, and are no more in conflict with the tenth section of article 12, chapter 92, than the first section of that chapter.

The act establishing the railroad commission does not repeal the tenth section referred to. That act does nothing more than regulate the manner of assessing and fixing the value of railroad property. It does not direct the application of the taxes thus raised, but leaves the application to be controlled by the law previously in force.

Judgment reversed and cause remanded, with directions to dismiss the petition.