## Coleman v. Blankenship.

.(Decided February 26, 1926.)

Appeal from Martin Circuit Court.

1. Eminent Domain—Failure to Give Notice of Filing of Condemnation Petition and Appointment of Commissioners Held Not Waived by Owner's Motion to Quash Report Based Mainly on Failure to Give Notice (Ky. Stats., Sections 3779a-1, 3779a7).—In condemnation proceedings under Ky. Stats., section 3779a-1, failure of plaintiff to give preliminary notice to owner of filing of petition and appointment of commissioners 10 days previous to application, as required by section 3779a-7, held not waived by owner's motion to quash report which was mainly based on failure of plaintiff to give notice.

2. Eminent Domain—Court Held Without Jurisdiction of Condemnation Proceedings, Where Filing of Petition and Appointment of Commissioners Made Without Written Notice to Owner (Ky. Stats., Sections 3779a-1, 3779a-7).—Court held without jurisdiction of condemnation proceedings under Ky. Stats., section 3779a-1, where filing of petition and appointment of commissioners was made without written notice to owner 10 days previous to intended application, as required by section 3779a-7.

3. Eminent Domain.—Ky. Stats., section 3779a-7, providing for giving notice to owner of filing of condemnation petition and appointment of commissioners, is mandatory.

4. Eminent Domain—Where Plaintiff Did Not Move for Reappointment of Commissioners in Condemnation Proceedings When County Court Quashed Report for Failure to Give Statutory Notice, Circuit Court on Appeal Properly Dismissed Petition (Ky. Stats., Section 3779a-7).—Where judgment of county court merely quashed report of commissioners in condemnation proceedings for plaintiff's failure to give owner notice required by Ky. Stats., section 3779a-7 and plaintiff did not move for reappointment of commissioners, circuit court on appeal, in quashing commissioner's report, properly dismissed petition, thereby restoring parties to status existing before proceedings were begun.

C. B. WHEELER for appellant.

EARLE CASSADY for appellee.

OPINION OF THE COURT BY JUDGE SETTLE—Affirming.

The appellant, William Coleman, is the operator of a coal mine in Martin county, this state, but whether he is the owner or a lessee of the mine is not disclosed by the record before us. But by the filing of a petition in the Martin county court on December 5, 1924, containing

the facts upon which he relied for the purpose, the condemnation of a right of way over a lot of the appellee, Fred Blankenship, was sought by him for the hauling of coal from the mine to a nearby railroad switch. At the time of filing the petition the appellant obtained an order of the county court appointing three commissioners to view the route purposed to be condemned and assess the damages which would thereby result to the appellee. On the eleventh of December, 1924, the commissioners filed their report containing a description of the strip of land sought to be condemned, a valuation of the land taken, and an assessment of the damages the commissioners found to be due the appellee for the taking of the land.

Upon the filing of the report of the commissioners a summons was issued upon the petition against the appellee requiring him to appear in the Martin county court at the January term, 1924, thereof and show cause, if any he had, why the commissioners' report should not be confirmed. The appellee appeared in court as required by the summons and entered a motion to quash and set aside the report of the commissioners. Of the several grounds relied on in the motion for quashing the report, the one mainly urged was that the filing of the petition and appointment of commissioners was made without the written notice from the appellant to the appellee required by section 3779a-7 of the Kentucky Statutes to be given ten days previous to the intended application.

The county court upon consideration of the motion, by reason of the failure of the appellant to give the notice referred to, quashed the report and discharged the commissioners. From that order the appellant prayed and was granted an appeal to the Martin circuit court, at the April term, 1925, of which the case came on for hearing upon the appellee's motion, renewed in that court, to quash the commissioners' report, which motion was sustained and the report quashed, as shown by the judgment then entered, which also dismissed the appellant's petition and granted him an appeal to the Court of Appeals.

It is here insisted for the appellant that these rulings of the circuit court constitute reversible error, it being his contention that his failure to give the preliminary notice provided for by the section of the statute, *supra,* was waived by the appellee's motion to quash the report.

This contention ignores the fact that the motion to quash the report was mainly based on the failure of the appellant to give the notice, which the appellee insists was necessary to give the county court jurisdiction of the case, and in this conclusion we fully concur.

The application for the passway in question was made under section 3779a-1, Ky. Stats., which declares to whom, and the grounds upon which, such a passway may be acquired. Section 3779a-7 of the same statute, which provides for the giving of the notice, is mandatory in its direction that it be given, and we so declared in Exall v. Holland, et al., 166 Ky. 315, in construing and applying its provisions, in the opinion of which we in part said:

> "Ten days' notice of the application for the appointment of commissioners is required to enable the owner through whose land the passway is proposed to be condemned, to have a hearing at that time, as to who shall be appointed commissioners, and whether or not the petition of the applicant shows facts which, under the statute, entitled him to have commissioners appointed. These were the only questions before the court at that time, and necessarily must be the only ones upon which the landowner can be heard. With these views, it is not necessary for us to give any opinion as to whether the appellant's defense, as set out in his answer, will or not be sufficient when offered at the proper time, and we make no intimation in regard to it."

The conclusion thus expressed must control our decision of the case at bar. As the judgment of the county court merely quashed the report because of the failure of the appellant to give the appellee the notice referred to and did not otherwise dispose of the application for the passway, the appellant instead of taking an appeal from the order should have given the required notice and moved for the reappointment of commissioners. But as this was not done the circuit court on the appeal of the case to that court in acting upon a renewal of the motion to quash the commissioners' report, in sustaining it properly dismissed the petition, which in effect restored the parties to the status occupied by them respectively before the application for the passway was made.

For the reasons indicated the judgment of the circuit court is affirmed.