## Martin v. Morgan, et al.

(Decided May 11, 1920.)

### Appeal from Grant Circuit Court.

1.  Private Roads—Proceedings to Establish—Estoppel.—In a proceeding to establish a private passway, a party with notice of an intended application for the appointment of commissioners, and having knowledge of such bias on the part of a person suggested for a commissioner, as would render the commissioner unable to impartially perform his duties, and fails to present the fact of such bias to the court, is thereafter estopped to except to the report of the commissioners upon such ground.

2.  Appeal and Error—Erroneous Ruling—When Cannot be Relied On. —A party at whose instance a court makes an erroneous ruling

cannot thereafter, upon appeal of the cause, be heard to complain of the error.

3.  Private Roads—Proceedings to Establish—Commissioners.—Upon the hearing of an application to a county court for the establishment of a private passway, and the appointment of commissioners, the court must accept the averments of the application, as to the party applying having the status entitling him to make such application and the necessity for the passway in his behalf. If the land owner desires to put such alleged facts in issue, he must do so, by exceptions to the report.

4.  Private Roads—Proceedings to Establish—Exceptions to Report.— In a proceeding to establish a private passway the report of the commissioners, if favorable, must contain a statement of all the facts, necessary to entitle the applicant to the passway, and issues for the court and jury, in such a proceeding must be made by exceptions to the report. If any fact necessary for the establishment of the passway is not controverted by an exception, it is deemed to be conceded.

DEJARNETT & HARRISON for appellant.

R. L. WEBB and J. J. BLACKBURN for appellees.

OPINION OF THE COURT BY JUDGE HURT—Affirming.

This appeal is from a judgment of the circuit court in a proceeding which had its origin in the county court, in an attempt by appellees, H. T. Morgan and others, to cause a passway to be condemned for their benefit, over the lands of appellant, as provided by article 2 of chapter 110, Kentucky Statutes, edition of 1909, and which was a part of an act of the general assembly of June 23, 1893, as amended by act of March, 1904, and which statute, so amended, was at the time of the institution of the proceeding, in force, and had not been repealed by an act of March, 1918, which is embraced by the sections of chapter 94a, Kentucky Statutes, vol. 3. The ground upon which the condemnation of the passway was sought, was the alleged necessity for the appellees to have a private passway over the lands of appellant to enable them to attend courts, elections, railroad depots, etc. The proceeding resulted in an establishment of the passway by a judgment of the county court and an assessment of damages for the benefit of appellant, and from the judgment she appealed to the circuit court, where upon a trial, *de novo*, a judgment was rendered establishing the passway and fixing the damages to be paid to appellant, and it is from the latter judgment she has appealed to this court. A history of the proceeding will

be necessary to an understanding of the grounds upon which the appellant assails the judgment of the circuit court. The application made by the appellees to the county court for the establishment, for their benefit, of a passway, was in writing and designated by them as a petition, and described the route for the passway, which they desired, and alleged necessity of it, for their purposes in attending courts, elections, railroad depots, etc., and requested the appointment of commissioners to go upon the land of appellant and to report whether the passway proposed was necessary, its exact route, by metes and bounds, courses and distances, and the necessary width thereof, and the damages to which appellant would be entitled from the establishment of the passway. Ten days' previous notice of the making of the application was given to appellant, as provided by the statute. The application was made and commissioners were appointed at a regular term of the county court, on the 14th day of May, 1917. The record does not contain any order showing the filing of the report of the commissioners, nor is the report made by them copied into the record, but, an order of the county court appears, which was entered at a regular term on July 9th, 1917, showing the filing by appellant, on that day, of exceptions to the report of the commissioners, and the exceptions appear in the record. The exceptions are based upon many alleged grounds, among which were the.following:

(a)    The failure of the commissioners to find and report whether the establishment of the passway was necessary to enable the applicants to attend courts, elections, church, railroad depot, etc.

(b)    The failure to find and report the damages to the residue of appellant's lands beyond the consequential benefits which would be derived to such residue by the establishment of the passway.

(c)    Because two gates were proposed to be located upon the passway, by the report of the commissioners, when the propriety of the gates was not referred to the commissioners by the order of their appointment.

These exceptions of appellant to the report of the commissioners, were evidently sustained and the report set aside, although the record fails to show any order of that kind, or any judgment of the court upon the exceptions, but, on August 14, 1917, an order was made,

which again referred the matter to the same commissioners, and directed them to again go upon the lands of appellant and view the routes of the proposed passway over appellant's lands, and other routes which might be used, and to report whether the proposed route over the lands of appellant was necessary to enable the applicants to attend courts, elections, railroad depot, etc., most convenient to them, and to designate in their report the exact route for the passway which they favored, describing it by metes and bounds, courses and distances. and width not less than twelve nor more than twenty feet, and to find and report the value of the land to be taken for the passway, and, also, any resulting damages to the residue of the appellant's land, considering the purpose for which it was taken, from the establishment of the passway, beyond the consequential benefits, which would accrue to the residue of the lands by the opening of the passway. The commissioners were, also, directed to report whether gates were necessary to be erected upon the passway, and if so at what points the gates should be erected; and their reasons for adopting the route selected by them over others which were viewed  The report which the commissioners were directed to make, they were directed to make in amendment of their former report, but the order appears to be a new reference of the matter to the commissioners, with full directions to make a report upon all the matters which the statute directs shall be referred to them. Afterwards on the 10th day of September, 1917, they made a report which the order refers to as an amended report and the consideration of it was continued to give the appellant time, in which to file exceptions to it. The commissioners reported that they had viewed the lands and the route proposed for the passway on May 29, and again on September 6th, 1917, and had, also, viewed three other routes for the passway, but they found, and so reported, that the passway over appellant's land was necessary for the applicants and for each of them, to enable them to attend courts, elections, railroad depot, etc., and they described it by metes and bounds, courses and distances, and adopted a width, and reported that it ought to be sixteen feet, in width. They further reported that no damage was suffered by the appellant's tenant; and there was no consequential damages to the residue of her lands from the establishment of the passway; that

two gates were necessary, one at either end of the pass-way, which the applicants must erect and maintain; and that the route adopted by them was the shortest and most practical of any of the routes viewed, upon which passways might be established, and its establishment would result in less damages to the owner; and that the value of the land proposed to be taken for the passway was $75.00. After the filing of the report on September 10th, the appellant, disclaiming any purpose to enter her appearance in the action, except for the purpose of objecting to the court proceeding any further in the matter, filed a written motion in which she averred, that the report of September 10th was distinctly different from the report previously filed by them, and constituted an entirely new report and independent of the report formerly filed, and that no summons having been served on her to show cause why the latter report should not be adopted, she should not be required to file exceptions to it, or to plead further, and asked that the proceedings be dismissed. The court overruled the motion and thereafter on the 15th day of September the appellant filed exceptions to the amended report or the later report made by the commissioners, and the issues raised by these exceptions were tried before the court and a jury, which found that damages which the appellant ought to recover was $125.00, and the county court rendered a judgment establishing the passway upon the payment of the damages and costs to appellant.

The appeal from the judgment of the county court was taken on October 6, 1917, and the proceeding thereafter was pending in the circuit court until February 15, 1919, when a trial was had and resulted in the verdict of the jury fixing the damages to which the appellant was entitled at $150.00, and the establishment of the passway by a judgment of the court in accordance with the verdict. The appellant's grounds for a new trial contain many objections to the validity of the judgment, but the consideration of them will be confined to the ones represented in the grounds for a new trial and now relied upon for a reversal of the judgment.

The reasons urged for a reversal of the judgment and which will be considered in their order are

(1) Process was not served upon, nor a copy of the second report of the commissioners delivered to appellant.

(2)   The report of the commissioners should have been set aside by the circuit court.

(a)   Because of the bias of two of the commissioners against appellant.

(b)   Because an erroneous measure of damages was fixed by the county court in the order appointing the commissioners.

(3)   A peremptory instruction to find for appellant should have been given.

(4)   The motion for a judgment in favor of the appellant, notwithstanding the verdict of the jury, should have been sustained.

(5)   The court erred in the admission and exclusion of evidence.

(a)   By subsection 2 of section 4348, and section 4350, Kentucky Statutes, 1909, act of June 23, 1893, which was in force at the time of the proceedings, it was required that upon the filing of the report of the commissioners, the clerk of the court should issue process against the owners over whose lands the passway was proposed, and that the commissioners should deliver a copy of the report, ten days before the court was required to act upon the report, to such owners. The purpose of these requirements was to apprise the owner and tenants of the lands, over which the passway was proposed, of the fact and the pendency of a proceeding for that purpose, and to enable them to present such objections to the proceeding as they might desire, by the way of exceptions to the report. It is not necessary to say that the establishment of a passway, without the service of process upon the owner of the land over which it is proposed, and the delivery of a copy of the report of the commissioners to him, as provided by the statute, would be a nullity, unless the proprietor of the lands should render such service and delivery, unnecessary, by the entry of his appearance to the proceeding. It is certainly useless to summon one to appear and to show cause why a report should not be confirmed, and to deliver a copy of it to him when he waives those requirements by voluntarily appearing and presenting exceptions to the report embodying his objections to the report, and to its confirmation. The amended report, so called, of the commissioners was filed on September 10th and on the 12th of September the appellant moved the county court to dismiss the proceedings, because she had not

been served with a summons to show cause why the report should not be confirmed. If her written motion should be treated as an exception, it fails to show that a copy of the report had not been delivered to her, and the motion was properly overruled, being prematurely made, as it does not appear, that it was not the intention of the parties to have caused her to be summoned to show cause why the report, as amended, should not be confirmed. On September 15th she filed exceptions to the report and the trial in the county court was upon the issues made by these exceptions. If the amended report was one upon the filing of which she was entitled to be summoned, and we are not able to determine that question because the first or original report is omitted from the record as well as the orders showing a disposition of it, she was under no duty in the protection of her rights, to in any wise respond to it, until summoned, and her appearance by filing exceptions to it was a waiver of her right to require the service of a summons upon her or to require the delivery of a copy to her, if same had not already been done. The trial in the county court, as well as that in the circuit court, was entirely upon exceptions to the report of the commissioners filed on September 10th, and no reference is made anywhere in the record to the first or the original report of the commissioners, after exceptions were filed to it on July 9th, and hence, it is concluded, that the one filed on September 10th was accepted and treated by the parties as the one which presented the only cause of action in the proceeding, and the original report was treated as having been, in toto, set aside, and hence the report of September 10th, will hereafter be referred to as the report of the commissioners.

(b) On February 11th, 1919, after the proceeding had been pending for more than a year in the circuit court, the appellant filed her affidavit in support of, and moved the court to set aside the order of the county court appointing two of the commissioners, and to appoint two others in their stead. If this motion is to be treated as an exception to the report of the commissioners, its overruling was not erroneous for several reasons. The ground upon which the motion is rested is that the two objectionable commissioners were "unfriendly to her interests, and unfriendly to her husband, and prejudiced against her rights." No reason is given why the objec-

tion to them was not made at an earlier stage in the proceeding, nor is it stated that the commissioners were unfriendly to her at the time they were appointed, or at the time their report was made, nor is it stated, that if they were unfriendly to her at the time of their appointment, that such fact was not known to her at that time, or that their bias had come to her knowledge since their appointment. The affidavit relates that she objected to their appointment, but the record of the county court fails to disclose that any objection was made at the time of their original appointment, or when the matter was re-referred to them. It was held in Kirk-Christie Co. v. American Association, 128 Ky. 669; and Exall v. Holland, 166 Ky. 315, that the ten days' notice of an application for the appointment of commissioners to establish a passway required by section 4349, Kentucky Statutes, 1909, was for the purpose of giving the owner of the land over which the passway is proposed an opportunity, at that time, to have a hearing, as to who should be appointed as commissioners, and if a party then knew of any reason why a person proposed as a commissioner was unfit, by reason of bias, to discharge the duties impartially, it was the duty of the party to make such fact known to the court and a failure to do so would thereafter estop the party to make an objection to the report upon that ground, otherwise as it is now proposed, a party might conceal the fact of his knowledge of the bias of a commissioner toward him until after the results of extensive proceedings and expensive litigation had been arrived at, and then defeat the proceedings by revealing the bias of which the commissioner is accused. Further the affidavit does not state any fact or circumstance upon which the appellant rests her opinion that the commissioners were unfriendly to, or biased against her, and the court would not be justified in declaring all the proceedings invalid, at the stage, at which the motion or exception was made, upon the mere opinion of a party to the proceeding not sustained by any concrete or tangible fact or circumstance from which the court could draw a conclusion that the bias complained of did actually exist.

(c) The exception to the report because of an erroneous measure for assessment of damages in the order appointing the commissioners and directing them as to their duties, was not presented until the proceed-

ing had been pending in the circuit court for over a year and consists of a complaint that the order directing the commissioners in assessing the damages to which appellant should be entitled on account of the establishment of the passway, after having awarded the value of the land taken for the passway, and the damages resulting to the adjacent lands of appellant from the establishment of the passway, erroneously directed the commissioners to deduct from the latter item of damages, the value of the advantages and benefits that would accrue to such adjacent lands from the establishment of the passway. This criticism of the order is doubtless well founded. Broadway Coal Mining Co. v. Smith, 136 Ky. 725; and cases there cited. The appellant, however, excepted to the first report of the commissioners, because it did not direct them to deduct from the item of damages to the adjacent lands of the appellant the consequential benefits which would accrue to the land from the establishment of the passway, and the first report was set aside upon such objection, together with others, and resulted in the court, in its second order of reference, embracing the measure of damages now complained of in the order. The appellant cannot maintain contradictory positions before the court, and the court at her instance, having embraced the measure of damages, she insisted upon, in its order, she cannot now take advantage of the error therein which she caused. Aside from the latter reason for overruling the exception, is the fact that the commissioners reported that there were no damages to the adjacent lands from the establishment of the passway, and hence there was no deduction from any such damages on account of any benefits accruing to the adjacent lands by reason of the establishment of the passway, and it may be further stated that in the trial of the proceeding the court directed the jury correctly as to the measure of damages and did not embrace in it the item to which the appellant objects. Hence the appellant has no cause of complaint of the verdict and judgment on that account.

(d) The appellant's motion for a directed verdict in her favor, which was made, both, at the close of the testimony for the appellees and at the close of all the evidence, is based upon the fact that there was no evidence which proved that notice was given by appellees,

of their application to the county court for the opening of the passway, and the appointment of commissioners. Proof of the giving of such a notice, was however, unnecessary, where there was no issue upon the subject. Such an issue could be raised only by an exception to the report of the commissioners, otherwise, the failure to give notice was waived. The record, however, shows that such notice was duly given.

It is, also, insisted that a verdict should have been directed for appellant, because she filed an answer, and in her answer denied that the appellees were the owners of the lands claimed by them, or that each of them had a passway over the lands of the other, so as to connect their premises with the passway sought to be established over the lands of appellant, and that no evidence was offered to prove their ownership of the lands upon which they resided. This paper, called an answer, was filed in the circuit court on February 12, 1919, more than a year after the appeal to that court had been taken and one year and a half after the institution of the proceedings. It is not pretended that it is an exception to the report of the commissioners, but, an answer to the application of the appellees to the county court for the appointment of commissioners, and an attempt to put in issue, at that late day, the status necessary to be occupied by the appellees to entitle them to the establishment of the passway. Section 4348, Kentucky Statutes, 1909, provides that the commissioners appointed by the county court, upon an application for the establishment of a private passway, and such section is still a part of the statute law, as appears from section 3779a, Kentucky Statutes, vol. 3, shall consider, decide and report all the necessary facts to entitle the applicants for the passway to have such established. The commissioners must report upon the necessity of the establishment of the passway; describe it by metes and bounds, courses and distances; and must, also, find and report the damages to which each owner or tenant is entitled. The facts necessary to sustain the proceeding are thus stated in the report and serve much the same purpose as a petition in an ordinary or equitable action. The owners and tenants are then summoned to show cause, if any they have, why the report shall not be confirmed. The owners and tenants may then, by exception to the report, present any defense or grounds of objection which they may

have. Such defenses as they may have, and which they. do not embody in the exceptions to the report of the commissioners, are conclusively deemed to be waived. The necessity for the passway for the applicants, and whether they are such persons as under the law are entitled to apply and have established a passway for their benefit, are matters which the county court must determine from the averments of the application for the appointment of the commissioners upon the hearing upon the application as otherwise it would have to try such questions twice—upon the hearing of the application and again upon exceptions to the report of the commissioners. Exall v. Holland, *supra*. An answer to the application for the appointment of the commissioners is not necessary nor proper, and does not make an issue to be tried by either the court or the jury, and if such a document is offered, it may be rejected, and if filed, may be disregarded by the court upon a final hearing, as the report of the commissioners, and the exceptions thereto must present all the issues and no other way for making an issue is provided by the statute. Subsections 2, 3, and 4 of section 4348, Kentucky Statutes, 1909, sections 4298, 4301 and 4302, Kentucky Statutes, 1915.

(e) The motion for a judgment, *non obstante verdicto,* is based upon an allegation in the paper designated as an answer, above mentioned, to the effect that the applicants had three practical ways of reaching courts, elections, etc., and that this allegation was not denied. This motion was overruled properly for the reason given, that this paper did not present any issue to be decided.

(f) The appellant insists that the evidence offered by her, upon the necessity of the establishment of the passway, was rejected and that such was a substantial prejudice to her rights. The commissioners reported that the passway was necessary for applicants to enable them to reach the courts, elections, etc., and appellant did not except to the report upon that ground, and hence must be deemed to have conceded such to be the fact, and hence there is no issue upon that subject. The court erroneously instructed the jury as though the question of necessity was an issue, but, appellant was not prejudiced thereby, as the one issue for the jury was the amount of damages to which she was entitled, and she could not be prejudiced by a chance to defeat the proceeding upon the ground of it being unnecessary, as well

as upon the issues which she had actually made. The evidence permitted by the court over the appellant's objection to the effect, that, over the route of the proposed passway there had been travel, until a well defined road was worn, was competent as reflecting the conditions of the land as to its value, and under the instructions could not have been considered by the jury for any other purpose.

(g) The instructions offered by appellant and refused, were upon the issue as to the necessity of the establishment of the passway, and for reasons above given, properly refused.

The judgment is therefore affirmed.