## Williams v. Render, et al.

(Decided November 9, 1923.)

### Appeal from Ohio Circuit Court.

1. Private Roads—Right to Way of Necessity May Exist, Though Necessity Not Absolute.—While Ky. Stats, section 3779a, et seq., only give a passway when "it is necessary for the person to have such over the lands" of his neighbor, the necessity need not be absolute, but only a practical necessity; and one who owned a small bottom farm with no public highway touching it, and had been going over the lands of others only by permission, and that by a roundabout way which he was not permitted to use at all times, was entitled to a passway.

2. Private Roads—Effect of Verdict of Jury on Question of Necessity for Passway.—While a verdict of a jury on issue raised by exceptions to commissioners' report in a proceeding to establish a private passway over the lands of others, under Ky. Stats., section 3779a, et seq., is not conclusive and is only advisory to the court, it is to be given much consideration and weight upon the question of necessity, especially when it follows the recommenda-

tion of the commissioners who view the premises and make the survey of the proposed passway.

J. S. GLENN and A. D. KIRK for appellant.

BARNES & SMITH for appellees.

OPINION OF THE COURT BY CHIEF JUSTICE SAMPSON— Reversing.

The judgment from which this appeal is prosecuted was rendered in the Ohio circuit court on an appeal from a judgment entered in the Ohio county court, denying appellant Williams the establishment of a private passway over the lands of Render, et al., under sections 3779a, etc., of Kentucky Statutes. It is provided by the sections of the statutes to which we have referred that whenever it shall appear to a county court that it is necessary for a person to have a private passway over the lands of one or more persons to enable him to attend church, elections, a meeting house, a mill, warehouse, ferry, a railroad depot most convenient to his residence; or wherever it shall appear to the county court that it is necessary for a person to have a private tramroad, etc., over the lands of one or more persons to enable him to reach a warehouse, steamboat landing, a railroad switch or other place, the court shall appoint commissioners as in case of a road, who, being first sworn to discharge their duties faithfully and impartially, shall go upon the lands of the persons through which the passway is proposed, and shall report in writing to the court whether a private passway or tramroad is necessary for any of the purposes stated above, and if favorable to the passway the commissioners shall, in their report, designate the exact route by metes and bounds, distances and the width thereof, and shall determine and assess a just compensation for each owner and tenant for the lands proposed to be taken for a passway.

After the filing of the report of the commissioners, process must be issued by the court against the landowners. If exceptions be filed with the report of the commissioners a jury may be impaneled to try the questions of fact arising on the exceptions, and the applicant for the road may appeal from the judgment of the county court to the circuit court of the county.

Appellant Williams is the owner of a small bottom farm on Rough river in Ohio county. No public highway

touches it. In fact, it is some distance from his farm to such a thoroughfare. The lands of other persons lay between appellant's farm and the public highway, which leads to the county seat, to the public school, to the voting place, to the mill and to the railroad depot, but appellant has been using a passway over the lands of some of his neighbors to go to and from his farm, however this use, it appears from the record, was by permission of the land-owners and not as a matter of right. Some of the time appellant was permitted to use the passway and at .other times he was not. This passway was rather circuitous, and according to the evidence, made the distance from appellant's home to the county seat some three or four miles greater. The commissioners appointed by the county court, after viewing the premises and surveying the proposed route for the passway, reported in favor of the passway and assessed and fixed the damages to the owners of the land over which the passway is surveyed to pass. The jury in the circuit court on the trial of exceptions found a verdict in favor of the establishment of the passway, that it was necessary for the use of appellant, and assessed the damages to those over whose land it passed. Notwithstanding this verdict, the trial·judge entered a judgment dismissing appellant's petition and denying his right to a passway as of necessity. In this we think the court was in error. The evidence clearly shows that appellant Williams has no reasonable outlet from his farm, indeed he has none he can call his own. While the statutes only give a passway in such cases when "it is necessary for the person to have such over the lands" of his neighbor, we have held that the necessity need not be absolute but only a practical necessity. Without doubt appellant had no practical way of getting to or from his farm. He had no reasonable way. There was· a practical necessity for the establishment of a private passway over the lands of appellees to the lands of appellant. In passing upon this subject we have said: "The applicant is not entitled to the passway over the lands of the defendants for his mere convenience. He can only have it established when necessary to enable him to get to the county seat, his voting place, and the like. Kentucky Statutes, section 4348. But the word 'necessary' in the statute is not to be read as though the words were 'absolutely necessary.' The necessity contemplated by the statute is a practical necessity. If the applicant's

outlet to the highway over his own ground, or the way he now has, does not afford him practical access to the highway, and cannot be made to do so at a reasonable expense, then he is entitled to the establishment of the way in contest as a necesity.''

We think the facts of the case before us were sufficient to establish the necessity contemplated by the statutes to warrant the establishment of a passway for the use of appellant over the lands of appellees.

While the verdict of a jury on the issues raised by the exceptions to the commissioners' report are not conclusive and are only advisory to the court, we are inclined to give much consideration and weight to the verdict of a jury upon the question of necessity, especially when it follows the recommendation of the commissioners who viewed the premises and made the survey of the proposed passway. The court may disregard the finding of the jury and enter a judgment denying the applicant a private passway over the lands of his neighbors when to do so does not abuse a sound discretion; but where the facts show with reasonable certainty that the applicant has no reasonable way of getting from his home and farm to the county seat, voting place, church, school or other place requiring the attendance of a citizen in the performance of his duties to his community and state, the passway should be adjudged a necessity and established in accordance with the section of the statutes to which we have referred.

For the reasons indicated the judgment is reversed for proceedings consistent with this opinion.

Judgment reversed.