# Black Mountain Corporation v. Appleman.

# Black Mountain Corporation et al. v. Same.

(Decided December 12, 1930.)

CLEON K. CALVERT, J. G. BRUCE and B. M. LEE for appellant Black Mountain Corporation.

LOW & BRYANT, ASHBY M. WARREN and J. C. BAKER for appellant Louisville & Nashville Railroad Company.

J. B. SNYDER, E. H. JOHNSON and L. W. MORRIS for appellee.

OPINION OF THE COURT BY JUDGE REES—Reversing in part and affirming in part.

The appellant Black Mountain Corporation owns extensive coal lands in Harlan county, and in 1918 it constructed a mining camp on Yocum creek. This mining camp is now known as Kenvir and has a population of approximately 2,500. It is unincorporated, and the Black Mountain Corporation owns substantially all the real property in and around the town. When the camp was established, streets and roads were laid out; but these are the private property of the Black Mountain Corporation and are used by the public only with its permission. Yocum creek, which is 40 to 60 feet in width, runs through the town in a westerly direction. The appellee, Harry Appleman, owns two lots in Kenvir which are situated just north of the northern bank of this creek. One is known as the upper, or poolroom, lot, on which is located a storeroom in which a poolroom is operated; the other is referred to in the record as the lower, or storehouse, lot, on which is located a storeroom in which the appellee conducts a general merchandise store. On each lot is a dwelling house which is occupied by tenants as a residence. These two lots do not adjoin and each is entirely surrounded by the property of the appellant Black Mountain Corporation. The tracks and right of way of the appellant Louisville & Nashville Railroad Company run east and west through the town south of Yocum creek. Between the right of way of the Louisville & Nashville Railroad and Yocum creek is a company street. South of the railroad right of way and directly opposite appellee' lower, or storehouse, lot, is a public road which runs east and west. A short distance east of a point opposite appellee's upper, or poolroom, lot, this public road turns to the north, crosses the railroad tracks, and continues eastwardly.

Appellee filed two separate proceedings in the Harlan county court by which he sought to condemn a pass-

way from his respective properties to this public road. From the upper, or poolroom, property, he proposed to condemn a passway across the property of appellant Black Mountain Corporation to the company street, and then over this street in an easterly direction to the intersection with the public road. This proceeding was instituted against the Black Mountain Corporation alone. The other proceeding was instituted against both the Black Mountain Corporation and the Louisville & Nashville Railroad Company and sought a passway from the lower, or storehouse, lot, across the property of the coal company, the company street, and the right of way and tracks of the railroad company to a point in the public road.

Both suits were proceedings to condemn a private right of way under the provisions of section 3779a-1, Kentucky Statutes. At the hearing before the Harlan county court, the court held that no necessity for the passways had been made to appear and overruled Appleman's motions to appoint commissioners to establish the passways, and dismissed his petitions. Appleman then filed a suit in equity against the county judge in the Harlan circuit court in which he sought a mandatory injunction requiring the county judge to set aside his judgments of dismissal in these two cases and requiring him to appoint commissioners. His motion for a mandatory injunction was denied by the circuit judge and, on a motion before a judge of this court, made pursuant to section 297 of the Civil Code of Practice, the ruling of the circuit judge was sustained.

One of the grounds on which the ruling of the circuit judge was sustained was that an appeal lay from the judgment of the county court to the circuit court. Appellee then appealed to the Harlan circuit court from the judgments of the county court dismissing his petitions and moved the circuit court in each case to appoint commissioners to establish the passways and award damages. These motions were sustained and three commissioners were appointed over appellants' objection who filed a report, and later an amended report, in which they found a necessity for the passway to exist and awarded compensation to each of the appellants. Exceptions were filed to these reports by the two defendants in the one case and the one defendant in the other, and the two proceedings were consolidated and were tried and heard together. A jury awarded damages to the Black Moun-

tain Corporation in the sum of $2,500 in the case in which it was the sole defendant, and in the other case it awarded it damages in the sum of $700 and the railroad company was awarded damages in the sum of $2,500. From the judgment entered on these verdicts the defendants have appealed.

It is first contended on behalf of the Black Mountain Corporation that the county court alone has power to appoint commissioners to lay out a passway and award the landowner compensation, and that the circuit court erred in appointing the commissioners on the appeal from the judgments of the county court dismissing the petitions.

Section 3779a-1, Kentucky Statutes, reads in part:

"Whenever it shall appear to a county court that it is necessary for a person to have a private passway over the land of one or more persons to enable him to attend courts, elections, a meeting house, a mill, warehouse, ferry, a railroad depot, most convenient to his residence, . . . the court shall appoint commissioners, as in case of a road, who, being first sworn to discharge their duties faithfully and impartially shall go upon the land of the person through which the passway, . . . is proposed, whether arable or not, and shall report in writing to the court whether or not a private passway, . . . is necessary for any of the purposes aforesaid; and if favorable to the passway, . . . they shall, in their report, designate the exact route for the same by metes and bounds, courses and distances, and the width thereof, which, in no case, shall exceed twenty feet, and they shall determine and assess what will be a just compensation to each owner and tenant, if any, for the land proposed to be taken for a passway, . . . in the same manner as upon application to open and establish a new road."

It is contended that this statute grants exclusive power to the county court to exercise a certain jurisdiction in respect of a certain imposed duty and that jurisdiction, having been vested in the county court, cannot be legally exercised by any other judicial tribunal.

Section 3779a-4, Kentucky Statutes, provides that:

"Either party may appeal to the circuit court, by executing bond as required in other cases, within

thirty days and the appeal shall be tried de novo, upon the confirmation of the report of the commissioners by the county court, or the assessment of damages by said court, as herein provided.''

It is contended that under this section of the Statutes, the trial in the circuit court is limited to the one question of whether or not the report of the commissioners appointed by the county court shall be confirmed.

A proceeding under section 3779a-1 to condemn a private passway can be initiated only in the county court; but when a final judgment is entered there, an appeal may be taken to the circuit court, where the case is tried de novo. It is argued that under a fair interpretation of the statutes, upon an application to establish a private passway a county court may, on issue made, determine the question of necessity before appointing commissioners, and that an issue as to necessity can only be made by an answer to the petition. It is claimed that in Martin v. Morgan, 188 Ky. 122, 221 S. W. 523, there are apparently conflicting holdings as to when and how such issue shall be made and that the Martin case is in apparent conflict with Royal Elkhorn Coal Company v. Elkhorn Coal Corporation, 194 Ky. 8, 237 S. W. 1083, 1085.

The questions raised on this appeal do not require an examination of these cases for the purpose of determining whether or not such a conflict exists. The statute provides that whenever it shall appear to a county court that it is necessary for a person to have a private passway over the land of another, the court shall appoint commissioners. A fair interpretation of the statute necessarily compels the conclusion that the county court must in the first instance determine from the averments of the application for the appointment of commissioners whether or not the applicant has presented a state of facts bringing him within the statute. Whether the issue as to the existence of the facts bearing on the question of necessity alleged by the applicant should be made before the appointment of the commissioners or should be presented by the exceptions to the commissioners' report is not material here, since the Harlan county court did hear and determine the question of necessity before appointing commissioners and found that no necessity was shown to exist and overruled Appleman's motions

to appoint commissioners and dismissed his petitions. His only remedy was an appeal to the circuit court.

It is argued that no appeal lies to a circuit court from a judgment of a county court in a proceeding under section 3779a-1 refusing the appointment of commissioners and dismissing a petition to condemn lands for a private passway, but that if an appeal does lie, a circuit court is without jurisdiction to appoint commissioners and the case should have been remanded to the county court for the appointment of commissioners and trial there on exceptions to the commissioners' report.

Both of these contentions are disposed of in Royal Elkhorn Coal Company v. Elkhorn Coal Corporation, supra. There the plaintiff sought to condemn a strip of defendant's land under section 815 of the Statutes, which provides that the procedure shall conform to the general condemnation law applicable to railroads provided by sections 835 to 840a, inclusive, of Kentucky Statutes. Section 839 of the Statutes, which provides for an appeal from the judgment of the county court, reads in part:

"Either party may appeal to the circuit court, by executing bond as required in other cases, within thirty days, and the appeal shall be tried de novo, upon the confirmation of the report of the commissioners by the county court, or the assessment of damages by said court."

It will be observed that this provision relative to the trial of the appeal is identical with the provisions of section 3779a-4 relative to the trial of the appeal in a private passway case. In the Royal Elkhorn Coal Company case, commissioners were appointed by the county court and reported. Exceptions to their report were filed and a trial had before a jury which fixed the damages. The defendant had filed a demurrer to the petition, and a motion to quash the commissioners' report which the county court overruled. On the appeal to the circuit court, the defendant's demurrer to the petition and its motion to quash the report of the commissioners were sustained and the petition dismissed. On appeal to this court it was argued that under section 839 the circuit court had no jurisdiction to try the question of necessity. In the course of the opinion this court said:

"It is contended by counsel for the appellee that the only question that may be tried de novo in

the circuit court is the question of damages as raised by exceptions to the report of the commissioners; but this is not true, and, if it were, the question of necessity in this case would have been foreclosed against appellee by the judgment of the county court which condemned the entire strip of land sought to be condemned as necessary for the purposes stated in the petition, since the question of necessity was not raised by exceptions to the report of the commissioners, but by answer. It is true that sections 835-840, supra, do not seem to contemplate that anything but the question of damages will be tried by the circuit court, or in the county court, for that matter, as no express provision is found therein for the trial or determination of any other fact than that of damages; but, construing these provisions, we have held, as has already been pointed out, that the question of necessity is a jurisdictional fact, and therefore one that must be alleged and proven when denied before the right of private ownership can be made to give way to public use. This being true, it must have been tried and decided by the county court against the defendant upon the evidence introduced in that court, since it was at issue upon the pleadings.

"Section 839 provides that either party may appeal to the circuit court from the judgment of the county court by executing bond, as in other cases, and that the appeal shall be tried de novo, 'upon the confirmation of the report of the commissioners by the county court, or the assessment of damages by said court, as herein provided.' It is true this only provides expressly for a trial de novo of the questions raised by exceptions to the commissioners' report, but, by requiring the appellant to execute bond as in other cases, it is a necessary inference that the Legislature intended that an appeal may be taken to the circuit court from the entire judgment in the county court as in other cases.

"Section 840 provides that the appeal may be taken by filing with the clerk of the circuit court a statement of the parties to the appeal and 'a transcript of the orders of the county court,' and that thereafter the clerk of the county court shall transfer the original papers to the clerk of the circuit court. This does not provide for taking a transcript

of the evidence. heard in the county court to the circuit court; hence the latter court could not, except by trial de novo, try or determine the all-important question of necessity, upon which the right of action depends, although it had been decided by the judgment of the county court from which either party is given the right of appeal.

"We are quite sure that the Legislature did not intend to vest in the county court final jurisdiction to determine whether, or not the right to damage another existed, and deny to the one damaged the right to have the judgment reviewed in that important respect while giving to him the right of an appeal as to the extent of his damages.

"In Warden v. Madisonville, H. & E. R. Co. (125 Ky. 644, 101 S. W. 914, 31 Ky. Law Rep. 234), supra, we reversed the judgment and remanded the case to the circuit court for trial of the necessity for taking the land by condemnation under these sections of the statutes, and, upon an appeal from the judgment so rendered, affirmed the judgment in 128 Ky. 563, 108 S. W. 880, 33 Ky. Law Rep. 38. It was assumed in these opinions that the whole trial in the circuit court was de novo; and this, we are sure, is what the statutes contemplate."

The above-quoted provision from section 839 of the Statutes was also before this court for construction in Calor Oil & Gas Co. v. Franzell, 128 Ky. 715, 109 S. W. 328, 329, 33 Ky. Law Rep. 98, 36 L. R. A. (N. S.) 456. The Calor Oil & Gas Company sought to condemn a strip of land across Franzell's farm. The county court held that the corporation did not have the power of eminent domain and dismissed the proceeding. The plaintiff appealed to the circuit court, which held that the corporation did possess the right of eminent domain and submitted the question of damages to the jury. Upon the appeal to this court it was argued that as the circuit court adjudged that the corporation possessed the right of eminent domain, the case should have been sent back to the county court and there tried out before a jury on the question of the amount of damages. In disposing of this contention this court said:

"We cannot agree to this proposition. When the county court decided that the corporation did not possess the right of eminent domain, it was forced

to appeal to the circuit court to get from under the ban of that adverse adjudication, and having appealed to the circuit court, under the statute (section 839, Ky. Stats. 1903) the case came on for trial de novo, and the whole controversy was to be tried out there. This is what a trial de novo means; and there is nothing in the statute which indicates that the Legislature intended to impose upon the parties the burden of the case being sent back to the county court for a retrial after an appeal to the circuit court. On the contrary, all the language of the section (839) indicates an intention that, upon appeal to the circuit court, the whole case is to be there tried and settled, subject, of course, to a right of appeal to this court.''

So, in this case, it would impose a useless expense on the parties to send the case back to the county court for a retrial. The proceedings were properly initiated in the county court and when that court dismissed the petitions and appeals were taken to the circuit court for a trial de novo, it was, as said in Calor Oil & Gas Company case, supra, ''a trial of the whole controversy.''

The circuit court permitted the commissioners to reassemble and amend their report, and it is insisted that this was error. But the case was continued and the defendants were given time to file exceptions to the amended report. The appellants were not prejudiced by the action of the circuit court which was authorized by section 134 of the Civil Code of Practice. Soaper v. Kimsey, 144 Ky. 32. 137 S. W. 797; Gratzer v. Gertisen, 181 Ky. 626, 205 S. W. 782.

The sole ground relied upon by the railroad company and the principal one relied upon by the Black Mountain Corporation for a reversal of the judgments herein is that the facts show that appellee and his tenants now have adequate passways from his two lots which answer all the requirements of reasonable convenience and there is no practical necessity in either case for another passway. It is conceded in each case that appellee's lot is entirely surrounded by the property of the Black Mountain Corporation. While he and his tenants use the company streets and footbridges over Yocum creek, their use of the bridges, streets, and lands of Black Mountain Corporation is permissive and can be forbidden at any time. Under these circumstances, the passways the appellee now has do not afford him and his

tenants reasonable access tc the public highway, and the trial court correctly held that the passway sought by him in each instance was necessary within the meaning of the statute. Williams v. Render, 200 Ky. 788, 255 S. W. 703.

It is also urged on behalf of the railway company that the judgment should be reversed as to it because the proposed passway would establish a hazardous grade crossing, and the case of Louisville & Nashville Railroad Company v. Geoghagan, 203 Ky. 198, 261 S. W. 1104, is relied on. It appears in that case, however, that the condemnor had another passway and that the proposed passway would cross the raliroad tracks near a deep cut which would render the crossing extremely dangerous. Similar facts are not presented in the instant case. The proposed passway will cross the main track and two industrial tracks and, while cars standing on the industrial tracks may tend to some extent to obscure the view of travelers on the passway, the crossing will not be so dangerous as to authorize a court in holding the passway should not be established.

The appellant Black Mountain Corporation finally contends that the trial court erred in ruling that the appellee had the burden of proof and was entitled to the closing argument to the jury. This contention must be sustained. The court had necessarily made a preliminary finding that appellee's application for the appointment of commissioners stated facts showing the necessity for the passway. The commissioners' report also showed the passway was necessary. Thus a prima facie case on the question of necessity was made although the court might later finally determine, as a matter of law, from the facts appearing in evidence on a trial on exceptions to the commissioners' report, that no necessity for the passway had been made to appear. Royal Elkhorn Company v. Elkhorn Coal Corporation, supra.

Section 3779a-3 of the Statutes provides that to the extent that no exceptions have been filed to the commissioners' report by either party, the court shall confirm the report as against the owners not excepting. If the Black Mountain Corporation had not filed exceptions, the report would have been confirmed by the court as to it, since appellee filed no exceptions. Where only one party to such a proceeding files exceptions to the report, the burden lies with him, since, unless he sustains his excep-

tions, the report will be confirmed. Waller v. Lee County, 187 Ky. 848, 220 S. W. 1071.

By section 526 of the Civil Code the burden of proof in the whole action lies on the party who would be defeated if no evidence were given on either side. Here the appellants, who were the exceptors, would have been defeated if no evidence had been introduced. In Royal Elkhorn Company v. Elkhorn Coal Corporation, supra, it was stated that upon the question of necessity the burden was on the plaintiff; but the opinion in that case was dealing with section 815 and sections 835 to 839 of the Statutes, under which a finding on the question o necessity by the commissioners in their report is not required. In that case, therefore, that issue was not raised by the exceptions to the report.

This court has consistently held that the right to the closing argument is an important one and that a denial to the party entitled thereto of the burden of proof and the closing argument is reversible error. Louisville & Nashville Railroad Company v. Hargis, 230 Ky. 806, 20 S. W. (2d) 991; Home Insurance Company v. Johnson, 226 Ky. 594, 11 S. W. (2d) 415; Waller v. Lee County, supra. It follows that the appellant Black Mountain Corporation was prejudiced by the action of the trial court in awarding the burden of proof to appellee.

Appellant Louisville & Nashville Railroad Company expressly waives this error and for a reversal relies solely on its claim that the court's finding on the question of necessity was incorrect. Since we have concluded that the court's ruling on this question was correct, the judgment as to the Louisville & Nashville Railroad Company must be affirmed.

Appellee complains because the costs in the circuit court were adjudged against him. He has taken no cross-appeal but, waiving that, the costs were correctly adjudged, since the damages were first ascertained in the circuit court. Section 3779a-5, Kentucky Statutes; Music v. Big Sandy & Kentucky River R. Co., 163 Ky. 628, 174 S. W. 44, Ann. Cas. 1916E, 689.

Wherefore, the judgment in the first-styled case is reversed, and in the second-styled case it is affirmed as to the Louisville & Nashville Railroad Company and reversed as to appellant Black Mountain Corporation.

The whole court sitting.