# Black Mountain Corporation v. Appleman.

(Decided Nov. 26, 1935.)

B. M. LEE and D. B. SMITH for appellant.

J. B. SNYDER and E. H. JOHNSON for appellee.

OPINION OF THE COURT BY CREAL, COMMISSIONER—
Reversing.

This is the second time these actions to condemn lands for a passway have been before this court. The opinion on the former appeal will be found in 236 Ky. 510, 33 S. W. (2d) 327, and reference to that opinion saves the necessity of an extended statement of the cases. After verdicts had been rendered on the former trial, defendants tendered and paid into the court the damages awarded to the Louisville & Nashville Railway Company in the proceedings against it and also damages awarded the Black Mountain Corporation in the two cases against it.

On a return of the cases to the lower court the railroad company was paid and accepted the money paid into court to cover damages assessed in its favor in full of the damages for the taking of its property for the passway. But the Black Mountain Corporation refused to accept the sums paid into court for it, and the money was thereupon withdrawn by appellee and the trial proceeded as to it on exceptions theretofore filed and thereafter amended and supplemented.

After a number of trials before juries selected from Harlan county and which came to nought because of the failure of the juries to agree, trial, which was had before a jury selected from a venire summoned from Madison county, resulted in a verdict for the Black Mountain Corporation for $375 for what is known as the upper passway and $125 for the lower passway, and it is again appealing from a judgment in conformity with these verdicts.

A number of grounds for reversal are assigned and argued at length, but since the judgment must be

reversed on one of the grounds, it will be unnecessary to enter into a discussion of the others.

Appellee filed a petition for change of venue verified by his affidavit and by supporting affidavits as provided by section 1096, Kentucky Statutes, and appellant filed counter affidavits controverting the grounds relied on for the change of venue. By leave of court, appellant withdrew its petition and supporting affidavits for change of venue without prejudice and thereafter filed another petition which was likewise supported by affidavits and also motion for change of venue. The court overruled the application for change of venue on the ground that previous applications had been made, when, under the law, only one such application was permitted. The judge did, however, upon his own motion direct the sheriff to summon twenty-four men from Madison county qualified for jury service from whom the jury was to be selected. Appellant objected to summoning a jury from Madison county and moved the court to discharge the jurors so summoned and saved exceptions to the court's order overruling its objections.

Applications for change of venue in civil actions in circuit court are controlled by sections 1094 and 1104, inclusive, Kentucky Statutes. While these sections provide for the change of venue, they contain no provision for the selection of a jury from another county. Nor is any such authority conferred upon the circuit court in civil cases by either the statute or by the Civil Code.

Section 2241 et seq., Kentucky Statutes, provides how jurors to serve in the circuit court of each county are to be selected. Under the provisions of these sections, the jury commissioners place in the drum or wheelcase names of citizens of the county qualified for jury service as therein provided.

Section 2247 provides how the names of the jurors shall be drawn from the drum or wheelcase. It further provides that if in any civil cause or proceeding called for trial the panel is exhausted by challenge, the judge may supply such jury by drawing from the drum or wheelcase, or may direct the sheriff to summon for the trial of the cause not exceeding three bystanders to fill such vacancies. But as heretofore indicated, there is no provision here or elsewhere in the statute conferring

authority upon the judge to summon the jury from another county for the trial of civil causes or proceedings.

Section 316 of the Civil Code of Practice provides: "The general mode of summoning, impaneling, challenging and swearing the jury is not changed by this Code."

In L. & N. Ry. Co. v. King, 161 Ky. 324, 170 S. W. 938, it was held that the selection of a jury in contravention of section 2247 of the Statutes was grounds for a new trial if the complaining parties saved proper exceptions.

Counsel for appellee cite section 194 of the Criminal Code of Practice which authorizes the court to summon a jury from another county and cases from this court approving the exercise of the authority thereby conferred, but this applies only in the trial of criminal cases.

By section 11 of the Criminal Code of Practice it is provided that proceedings in penal actions are regulated by the Code of Practice in civil actions; but there is no section making the provisions of the Criminal Code apply in the trial of civil actions.

Appellant was entitled to have its cause tried by a legally selected and impaneled jury, a right which was denied it when over its timely objections and exceptions a jury was selected from another county. These cases have been tried eight or nine times and the other grounds urged for reversal are wanting in merit, therefore, it is with great reluctance and regret that the judgment must be reversed, but since the jury was selected in contravention of the Statutes, we are left no alternative.

Wherefore the judgment is reversed and cause remanded for proceedings consistent with this opinion.