## Mitchell v. Skidmore et al.

June 9, 1944.

Baker & Reams for appellant.

George R. Pope for appellee.

OPINION OF THE COURT BY JUDGE THOMAS—Reversing.

The appellant, Berry Mitchell, owns "about 60 acres of coal and timber land on Crank's Creek in Harlan County" which adjoins land owned by appellee, Nelson Skidmore. On June 28, 1943, appellant served written notice on appellees that he would on July 10 of the same year "file a petition in the Harlan County Court asking the Judge of said court to appoint three commissioners to condemn a 20-foot right-of-way" through the lands of defendant "along the edge of Crank's Creek."

The proposed condemnation, as stated in the written application therefor filed with the County Court of Harlan County, was for the purposes stated in section 381.580 of the Kentucky Revised Statutes, but chiefly to enable applicant to market coal and timber upon and under his land by reaching a public road over which such products could be marketed. The written application filed with the County Court pursuant to the given notice was styled a "petition." It set out the above facts and also alleged "that it is absolutely necessary for plaintiff to have a roadway out to the public road before he can carry his coal to the market." It then described a strip of appellees' land 20 feet wide and 500 feet long as necessary to be condemned for the indicated purpose, and then prayed that the court "appoint three commissioners to go upon said land and fix the value of same and report whether or not it is necessary for plaintiff to have said road and for all proper and equitable relief."

The motion was made on the day specified in the notice, and there appears in the County Court record a paper styled an "answer" denying the material allegations made by plaintiff, including the necessity for the acquisition of the passway as alleged by him in his written application, the latter denial being thus made: "denies that it is absolutely necessary for the plaintiff or anyone else to have a roadway out over this strip of land to the public road to carry coal and timber or anything else to the market." However, it is stated in the record in a note by the Clerk that "there is no order with the record filing the following answer." But, applicant filed reply thereto and the parties appear to have treated the alleged answer as having been filed, although as will hereinafter appear it was wholly unnecessary in this character of proceeding and effectual for no purpose.

The section of the statute supra, and following ones, clearly outline the practice in this character of proceeding, which is, that upon the filing of the application, after notice given, "the court shall appoint commissioners, as in case of a road" after which they are "sworn to discharge their duties faithfully and impartially." They are to then go upon the land sought to be condemned and make their report as to whether the condemnation "is necessary for any of the purposes aforesaid." If necessary they so report, designating "the exact route

for the same by metes and bounds, courses and distances'' the width of the passway not to exceed 20 feet. They will then determine and assess just compensation for the taking ''in the same manner as upon application to open and establish a new road.'' Upon the filing of the Commissioners' report the County Court Clerk issues a summons for the owner or owners of the land to appear and ''show cause why the report should not be confirmed.'' KRS 381.590. If the owner of the land desires to resist the application he may do so by filing exceptions to the commissioners' report if their report sustains the motion of the applicant. The Harlan County Court declined to appoint commissioners, though prayed for and asked by appellant in his application therefor. Instead of doing so it proceeded to determine the *necessity* of the condemnation for the purposes mentioned, and appears to have arrived at the conclusion that no such necessity existed and dismissed the application. An appeal was prosecuted by appellant to the circuit court which it tried de novo. It likewise declined to appoint commissioners and proceeded to try the issue of *necessity* without a jury. After the evidence was introduced the circuit Judge of the court trying the case without a jury came to the same conclusion as did the county court and dismissed the appeal, from which appellant prosecutes this appeal.

It is thus seen that both courts entirely ignored the practice in such cases as outlined by the statute, and followed a procedure of its own creation in direct opposition to and in conflict therewith. Not only does it so appear as gathered from the express language of the outlined statutory procedure, but we have so declared in a number of cases without dissent. Two of them are: Exall v. Holland, 166 Ky. 315, 179 S. W. 241, and Martin v. Morgan, 188 Ky. 122, 221 S. W. 523.

Those opinions condemn the character of procedure herein followed and they, of course, direct that the procedure outlined by the statute should be followed. Those cases, and others, also declare that if the applicant makes a prima facie showing in his application to the court for the necessity for establishment of the passway it will be accepted by the court and may not be refuted by the servient land owner except by filing exceptions to the commissioners' report recommending the establishment. In other words, when such prima facie showing of ne-

cessity is made by the applicant the court has no right to proceed to try that issue, but should appoint commissioners who after going upon and investigating the premises make their recommendations in the form of a report to be disposed of thereafter upon exceptions filed by the litigant who is dissatisfied with it.

Litigants are entitled to have their cases tried according to the forms of law prescribed for the particular procedure. At least the courts should substantially follow such outlined procedure. This clearly was not done by either the county court or the circuit court, and the error in failing to do so is a most material one clearly authorizing a reversal of the judgment.

It is claimed, however, that the refusal to appoint commissioners and proceeding to try the case without their services as outlined in the statute, was not such a final ruling as authorizes an appeal to this court; but which overlooks the fact that the judgment appealed from went further than to refuse to appoint commissioners. It followed that ruling with a dismissal of appellant's application. We held in the case of Black Mountain Corp. v. Appleman, 236 Ky. 510, 33 S. W. 2d 327—a similar procedure—that an appeal might be prosecuted to this court from the judgment of the circuit court whensoever its judgment dismissed the proceeding which, of course, was upon the ground that when the trial court dismisses an action, for whatever cause, it is a final order authorizing an appeal therefrom.

Appellant's counsel refrains from discussing the evidence heard in the circuit court and devotes himself almost exclusively to a discussion of the errors in the practice to which we have alluded, although he does make the general statement that the testimony heard by that court completely sustained his client's contention that the private passway sought by the proceeding was necessary within the contemplation of the law permitting its acquisition by condemnation. We have also held in the cases of Williams v. Render, 200 Ky. 788, 255 S. W. 703 and Louisville & N. R. R. Co. v. Ward, 150 Ky. 42, 149 S. W. 1145, that the ''necessity'' for the establishment of the passway does not import *absolute* necessity but only a *practical* necessity, and when the latter type of necessity is proven the right of condemnation arises, if other requisite facts are shown. We could add additional cases in support of the above proposition but

since, there appears to be none to the contrary, we deem it unneccessary.

Wherefore, for the reasons stated, the judgment is reversed, with directions to set it aside and for the circuit court, who conducts a de novo trial, to appoint commissioners as directed by the statute and for them to make their report in accordance therewith, and to then follow the directions of the statute to a final determination of the issues that might be raised by either of the parties litigant, by filing exceptions to the Commissioners' report, and for such other proceedings as are not inconsistent with this opinion.