# Blanton v. Allen.

April 19, 1949.

L. D. May and M. O. Wheeler for appellant.

Williams & Allen for appellee.

OPINION OF THE COURT BY JUDGE CAMMACK—Affirming.

This is an appeal from a judgment in favor of the appellee, plaintiff below, in a personal injury action. Reversal of the judgment is urged upon the grounds that (1) the court erred in overruling the appellant's motion for a continuance and that a jury be obtained from another county; (2) the court should have given a peremptory instruction in favor of the appellant; and (3) it was error to instruct the jury on the question of permanent impairment of the appellee's power to earn money.

Mrs. Allen was seriously injured when she was

struck by an automobile in March, 1947. Her testimony showed that she was struck as she was standing on a strip of earth between the paved part of the highway running through Salyersville and the sidewalk. She said she had just crossed the highway when she was struck; that she noticed some cars approaching as she crossed the street; and that she was knocked unconscious. One witness said he saw a black coupe going west strike Mrs. Allen and then proceed on down the street at an increased rate of speed. A passing motorist said another car cut around his car in the direction of Mrs. Allen and proceeded on down the street. The chief of police said he went to the scene of the accident and that upon hearing the kind of car involved he began searching for it; he saw a car parked in Salyersville which met the description of the one which had struck Mrs. Allen; he knew the automobile belonged to the appellant; upon examination he found mud had been brushed from the left front fender and a fender marker had been bent inward; he arrested the appellant for being drunk and put him in jail; and when he inquired as to what caused the clean place on his car the appellant replied he did not run over anybody. A member of the highway patrol said he saw the appellant the next day and when he asked him if he had had an accident he said he had. The officer's testimony on this point follows: "* * * He started out and told me he was coming down the street. I believe this is called Paintsville street—that he was coming down the street and cut over on the wrong side of the highway—that would have been the left side coming down this way—that he hit something—he didn't know whether it was a woman or what it was. I asked him if he stopped and he said: 'No, I didn't.' I asked him where he went after he hit whatever it was. He said he went on through town, down to the city water plant and turned around. I asked him where he went to then. He said: 'I turned around and come back up town'." Clearly this was a case for the jury. As said in Galloway Motor Company v. Huffman's Adm'r, 281 Ky. 841, 137 S.W.2d 379, where there is evidence of substance to sustain an issue the question is one for the jury.

The motion for a continuance was made because of the absence of a witness who, according to the appellant's affidavit, was riding with him at the time of the accident. The court permitted the affidavit to be read and admon-

ished the members of the jury to give it the same weight and credit as if the witness were testifying in person. However, this point was not raised in the motion and grounds for a new trial, so it cannot be considered here. The motion for a jury from another county is based upon the assertion of the wide influence of the Allen family in Magoffin County. No motion was made for a change of venue, and, as said in the case of Black Mountain Corporation v. Appleman, 262 Ky. 53, 89 S.W.2d 311, there is no provision of law for the summoning of a jury from another county in a civil case.

The objection to the instruction on the question of impairment of the appellee's power to earn money is based upon the charge that there was neither pleading nor proof authorizing such an instruction. In the amended petition the appellee alleged that she sustained permanent injuries. No question is raised as to the $7,000 verdict awarded Mrs. Allen, and there is ample proof to support a finding for impairment of her power to earn money. The allegation in the amended petition was sufficient. See Louisville & N. R. Co. v. Grassman, 147 Ky. 618, 144 S.W. 748; Fry & Kain v. Keen, 248 Ky. 548, 59 S.W.2d 3.

There is some contention that Mrs. Allen was contributorily negligent. This contention seems to be based in part upon Mrs. Allen's statement that she saw some cars approaching as she crossed the street, and also that she was unable to show that the driver of the approaching car or cars saw her or could have seen her by the exercise of ordinary care. We do not think there was any showing of contributory negligence on Mrs. Allen's part, but, even if there had been, the question would have been one for the jury, unless she had been found contributorily negligent as a matter of law.

Judgment affirmed.